Kenneth **CHAMBERS** and Evelyn Janet Chambers, Appellants,

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.**

No. 05–84–00809–CV.

Court of Appeals of Texas, Dallas.

May 8, 1985.

Rehearing Denied July 10, 1985.

Roger G. Williams, Carmen Mitchell, Dallas, for appellants.

Frank Betancourt, Dallas, for appellee.

Before AKIN, GUILLOT and HOWELL, JJ.

GUILLOT, Justice.

This is an appeal from a judgment awarding Texas Employers Insurance Association, as Intervenor, $11,740.67 as at-

torney's fees in a suit by Kenneth Chambers and wife against a third party tortfeasor. For the reasons below, we reverse and remand.

The facts, distilled to their basics, reveal that Kenneth Chambers ("Chambers") suffered injuries as a result of chemical exposure. He filed a workers' compensation claim against Texas Employers Insurance Association ("TEIA") and sued the manufacturer and distributor of the chemicals. Chambers settled his workers' compensation claim and pursued his tort action against the third parties. TEIA intervened in that suit for the amount of its previous payments, $35,222.00. Chambers settled the third party suit and filed a motion with the court urging it to hold the reasonable value of TEIA's subrogation interest to be $65,222.00 which sum includes $30,000.00 of estimated future medical expenses. He did this to increase the amount of TEIA's subrogation interest for the purpose of awarding attorney's fees. Chambers further requested the court to reduce the subrogation interest by one third of $65,222.00, or $21,727.00, as attorney's fees pursuant to TEX.REV.CIV.STAT.ANN. art. 8307, § 6a (Vernon Supp.1985). The court held that attorney's fees can be awarded only on the basis of the carrier's reimbursable past payments and further refused to award any attorney's fees to Chambers.

Two issues arise. First, did the court err in its valuation of TEIA's subrogation interest by excluding future medical payments? Second, did the court err in disallowing attorney's fees for the work of Chambers' attorney in securing a third party settlement? We answer "yes" to both questions.

The first issue presents the novel question: For the purposes of awarding attorney's fees to a claimant's lawyer, what is the subrogation interest of a workers' compensation carrier when it intervenes in a third party action? Is the amount limited to what has been already paid? Or, should the court also consider the estimated future medical and hospital care which the carrier has been relieved of paying? Be-

cause the Worker's Compensation statute allows attorneys fees as a percentage of the subrogation interest recovered, the amount that Chambers' attorney recovers will obviously be less if the subrogation interest is only the past benefits paid. *Hartford Insurance Company v. Branton & Mendelsohn, Inc.*, 670 S.W.2d 699 (Tex. App.—San Antonio 1984, no writ); TEX. REV.CIV.STAT.ANN. art. 8307, § 6a (Vernon Supp.1985). Consequently for the purposes of awarding attorney's fees, it is important to determine TEIA's true subrogation interest.

In the present case, TEIA presented evidence that Chambers' future medical benefits would not exceed $500 per year. Chambers presented evidence that there would be future medical benefits of at least $30,000.00 incurred until December 31, 1990, the date TEIA's liability ends under the terms of the settlement of the compensation claim. Chambers contends that, to arrive at the benefit accruing to TEIA as a result of his attorney's services, his estimated future medical expenses should be added to the past benefits claimed. TEIA, on the other hand, says that the court could only look to the amount it actually paid to determine its subrogation claim. We must look to the pertinent provision of the Worker's Compensation Act to determine TEIA's true subrogation interest as it effects the award of attorney's fees.

If the association obtains an attorney to actively represent its interest and if the attorney actively participates in obtaining a recovery, the court shall award and apportion an attorney's fee allowable out of the association's subrogation recovery between such attorneys taking into account the benefit accruing to the association as a result of each attorney's service, the aggregate of such fees not to exceed thirty-three and one-third per cent (33 ⅓%) of the subrogated interest. TEX.REV.CIV.STAT.ANN. art. 8307, § 6a (Vernon Supp.1985).

If, at the conclusion of a third party action, a worker's compensation beneficiary is entitled to compensation, the net amount recovered by such beneficiary from the

third party action shall be applied to reimburse the association for past benefits and medical expenses and shall be treated as an advance against future benefit payments of compensation to which the beneficiary is entitled to receive under the Act. When the advance is adequate to cover all future compensation and medical benefit payments as provided by this law, no further payments shall be made by the association, but if insufficient, the association shall resume such payments when the advance is exhausted. TEX.REV.CIV.STAT.ANN. art. 8307, § 6a (Vernon Supp.1985).

A worker's compensation carrier benefits in two aspects when a worker secures a settlement from a third party. *First,* the worker must pay over to the carrier out of his third party settlement, everything previously received from the carrier. *Second,* the worker may receive no further payments from the carrier until his third party settlement has been exhausted.

■ TEIA argues that Chambers will receive "a double recovery" if his future medical expense is added to past compensation payments in order to determine the full value of the settlement. TEIA relies on *Capitol Aggregates, Inc. v. Great American Insurance Co.,* 408 S.W.2d 922 (Tex.1966) and *Granite Insurance Co. v. Firebaugh,* 558 S.W.2d 550 (Tex.Civ.App.— Eastland 1977, writ ref'd n.r.e). *Capitol Aggregates* and *Granite States* dealt with the liability of a worker to reimburse the carrier from funds received from a third party tortfeasor for payments made previously by the carrier. They are inapposite. Chambers is not seeking to keep funds which the Workers' Compensation Statute clearly states are to go to TEIA. Here the issue is whether, for the purpose of awarding attorney's fees, the true value to TEIA of its subrogation interest is its cash reimbursement *plus* those future amounts for which it has been relieved of liability.

The terms of the statute govern this appeal. Article 8307, § 6a provides that the trial court "shall" apportion to the use of the worker's attorney a part of the carrier's third party recovery, "taking into account *the benefit accruing to the association* as a result of ..." the services of the claimant's attorney and the carrier's attorney. Obviously the trial court cannot arrive at the true *"benefit* accruing to the association" unless it considers both the amount previously paid by the carrier and the liability for future payments for which the carrier has been relieved. We hold that, for the purpose of awarding attorney's fees, the "benefit accruing" to TEIA, viz., the amount paid and the liability for future payments, is the full amount of its subrogation interest. Because the court failed to find the full amount of the subrogated interest in awarding attorney's fees, we sustain Chambers' first point.

TEIA further contends that, even if there were future medical benefits, there was no justiciable controversy concerning them because at the time of trial the settlement sum between Chambers and the third party tortfeasor had not been exhausted. It cites for that proposition *Commercial Insurance Co. of Newark, N.J. v. Edmonds,* 622 S.W.2d 604 (Tex.Civ.App.— Beaumont 1981, no writ). We find that case inapposite. To begin with, the carrier in that case attempted to *recover* from the third party tortfeasor the amount of money for which it might be liable in the future after the settlement amount was exhausted. Here, however, no recovery for future payments was sought by TEIA. Instead, Chambers asked the court to consider the amount of reasonable future medical expenses in order to arrive at the full value of the subrogated interest of TEIA solely for the purpose of awarding attorney's fees.

In the instant case there is no more speculation about Chambers' future medical costs than there is in any case in which the injured party sues for and recovers judgment for future medical benefits. The necessity of future medical treatment has been established by TEIA and Chambers.

The controversy is limited to the reasonable cost of future medical expenses, which controversy is a fact issue. *Cf. Thate v. Texas & Pacific Railway Company,* 595 S.W.2d 591 (Tex.Civ.App.—Dallas 1980, no writ). Thus, there is a justiciable controversy over the amount of TEIA's assumed future liability which the trial judge declined to determine because of an erroneous ruling that future medical payments for which TEIA was liable should not be included with past payments for the purpose of awarding attorney's fees.

■ Chambers next contends that the court erred in awarding all attorney's fees to TEIA. We agree. TEX.REV.CIV. STAT.ANN. art. 8307, § 6a (Vernon Supp. 1985) provides:

> If the association obtains an attorney to actively represent its interest and if the attorney actively participates in obtaining a recovery, the court shall award and apportion an attorney's fee allowable out of the association's subrogation recovery between such attorneys *taking into account the benefit accruing to the association as a result of each attorney's service,* the aggregate of such fees not to exceed thirty-three and one-third per cent (33⅓%) of the subrogated interest. [emphasis added].

The facts show that, while the attorney for TEIA actively participated in the case, the attorney for Chambers filed the third party suit, initiated discovery, prepared for trial, and negotiated the settlement which was beneficial to both Chambers and TEIA. The attorney for the settling third party testified that Chambers' attorney was the sole "moving force" behind the case. Based upon this testimony, it was an abuse of discretion for the trial court to fail to apportion the attorney's fees between the attorneys for TEIA and Chambers. Accordingly, the judgment is reversed and remanded for a division of attorney's fees consistent with this opinion.

Costs taxed against TEIA.