Charlotte ISCHY, et al., Appellants,

v.

TWIN CITY FIRE INSURANCE COMPANY, Appellee.

No. 14611.

Court of Appeals of Texas, Austin.

Oct. 15, 1986.

Mike Davis, Byrd, Davis & Eisenberg, Austin, for appellants.

Joe Lea, Jr., Alan L. Castetter, Lea & Chamberlain, Austin, for appellee.

ON MOTION FOR REHEARING

Before POWERS, BRADY and CARROLL, JJ.

CARROLL, Justice.

The prior opinion and judgment of the Court in this cause handed down on July 16, 1986, are withdrawn and the following opinion is substituted therefor.

Charlotte Ischy and her attorney appeal from a judgment denying attorney's fees requested under the Workers' Compensation Act, Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (Supp.1986). We will reverse the judgment of the district court, and render judgment in favor of appellants.

## THE FACTS

Mrs. Ischy's husband was killed on the job in an airplane crash. Twin City Fire Insurance Company was the workers' compensation carrier for Mr. Ischy's employer. Twin City recognized its liability and began paying Mrs. Ischy death benefits due under the policy.

Mrs. Ischy then brought a third party claim for the wrongful death of her husband against Austin Aero, Inc., the operator of the aircraft. In October 1984, Mrs. Ischy settled her third party claim against Austin Aero, Inc., for $750,000.

At the time of the settlement, Twin City had paid Mrs. Ischy $12,534 in benefits. As established by art. 8307, § 6a, Twin City was entitled to repayment of this amount, its subrogated interest, out of the settle-

ment proceeds. Mrs. Ischy tendered this amount to Twin City.

## THE CONTROVERSY

Since Twin City had not hired an attorney and intervened in the third party action, Mrs. Ischy's attorney requested one-third of Twin City's recovery of its subrogation interest as attorney's fees, pursuant to art. 8307, § 6a.[1] In addition, because the settlement relieved Twin City of its obligation to pay future compensation benefits to Mrs. Ischy, her attorney requested attorney's fees equal to one-third the present cash value of the future compensation benefits for which Twin City would have been liable, in the absence of a third-party settlement.

Twin City refused both claims for attorney's fees and Mrs. Ischy and her attorney filed this suit for attorney's fees. After a bench trial, the district court concluded that Mrs. Ischy and her attorney were only entitled to attorney's fees equal to one-third of the benefits paid by Twin City. In fact, Twin City had tendered this amount shortly before trial. The district court refused to award attorney's fees based upon the present cash value of future benefits Twin City was relieved of paying.

Thus, we must determine if a workers' compensation carrier's release from future liability for death benefits constitutes a "subrogation recovery" creating an obligation for payment of attorney's fees.

## CONTENTIONS OF THE PARTIES

Mrs. Ischy asks this Court to find that under art. 8307, § 6a, a workers' compensation carrier should pay attorney's fees for a claimant's procuring a third-party recovery relieving the carrier from liability for future benefits. Mrs. Ischy maintains that subrogation recovery includes the relief from liability for paying future benefits.

Twin City responds that its subrogation recovery is limited to the actual amount of

benefits paid by the carrier, relying on *Hartford Ins. v. Branton and Mendelsohn, Inc.*, 670 S.W.2d 699 (Tex.App.1984, no writ). Twin City also contends that unpaid future benefits are speculative and incapable of proof with reasonable certainty. Mrs. Ischy could conceivably die or remarry tomorrow and the benefits would terminate.

## DISCUSSION AND CONCLUSION

In art. 8307, § 6a, the Legislature created two benefits for a workers' compensation carrier when a claimant receives a settlement or judgment in a third-party action. One, the net amount recovered must be applied first to reimbursing the carrier for past benefits and medical expenses it has paid. *Granite State Insurance Co. v. Firebaugh*, 558 S.W.2d 550 (Tex.Civ.App. 1977, writ ref'd n.r.e.). Two, any amount in excess of those benefits shall be treated as an advance against *future* benefits. *Watson v. Glens Falls Insurance Co.*, 505 S.W.2d 793 (Tex.1974); *Charter Oak Fire Insurance Co. v. Carrie*, 670 S.W.2d 368 (Tex.App.1984, no writ). In effect, the advance precludes the worker from recovering further payments from the carrier until the third-party settlement has been exhausted.

Before the 1973 amendment to art. 8307, § 6a, the insurance company could do nothing about pursuing its interest in a claimant's third-party action and still be entitled to complete reimbursement of its subrogation interest. The claimant's attorney was not entitled to attorney's fees out of the carrier's recovery. If the carrier chose to intervene in the employee's third-party action, art. 8307, § 6a allowed the *carrier* to recover a reasonable attorney's fee out of the monies recovered by the employee. 1917 Tex.Gen.Laws, ch. 107, § 6a at 285, *as amended to* Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a (Supp.1973).

However, the carrier no longer enjoys an unfettered right to subrogation. Under

---

1. Article 8307, § 6a provides that if a carrier's interest in a third-party claim is not actively represented by an attorney, the carrier shall pay a fee to the claimant's attorney not to exceed one-third of the subrogation recovery.

certain conditions, this right is effectively taxed by the imposition of a reasonable attorney's fee. After the 1973 amendment, the statute provided that if the insurance company's interest is not actively represented by an attorney, the company *shall pay* a fee to the claimant's attorney, not to exceed one-third of the subrogation recovery. Moreover, the statute also speaks in terms of awarding attorney's fees based upon "the benefit accruing" to the carrier. If the insurance company intervenes in the third-party action, it can no longer receive its reasonable attorney's fees out of the claimant's recovery.

Thus, a comparison of art. 8307, § 6a before and after the 1973 amendment establishes that the Legislature intended for workers' compensation carriers to compensate a claimant's attorney for service benefiting the carrier. In light of this intent, we must determine if under art. 8307, § 6a(a) a carrier's recovery of its interest in a third party action includes its release from liability for future benefits. If so, an obligation for attorney's fees arises under the statute.

The Dallas Court of Appeals faced an almost identical problem in *Chambers v. Texas Employers Ins. Assoc.*, 693 S.W.2d 648 (Tex.App.1985, writ ref'd n.r.e.). In *Chambers,* the worker was injured on the job as a result of a chemical explosion. He brought and settled a third-party action against the manufacturer and distributor of the chemicals. After settling this action, Chambers filed a motion with the trial court asking it to find that the reasonable value of the carrier's subrogation interest in the third-party action was $65,222, a figure that included $30,000 of estimated *future* medical expenses.

The *Chambers* court concluded that the true value to the carrier of its subrogation interest is its cash reimbursement *plus* those *future amounts* for which it has been relieved of liability. *Chambers v. Texas Employers Ins. Assoc., supra.* As noted in the *Chambers* opinion, the court's conclusion is grounded upon two factors. First, the net amount recovered in a third-party claim shall be applied to reimburse the carrier and "shall be treated as an advance against future benefit payments of compensation...." *Chambers,* 693 S.W.2d at 650. Second, art. 8307, § 6a expresses a clear intent that a carrier be required to pay for benefits it receives as a result of a claimant's attorney's efforts.

Twin City argues that *Chambers* is not applicable because that case relies on language in section (b) of art. 8307, § 6a. Section (b) applies to situations where the claimant *and* the carrier are actively represented by independent counsel, a situation not present in this appeal. It directs the trial court to apportion to the use of the claimant's attorney a part of the carrier's third-party recovery, "taking into account the *benefit accruing* to the association as a result of ..." the services of the claimant's attorney and the carrier's attorney. Tex. Rev.Civ.Stat.Ann. art 8307, § 6a(b) (Supp. 1986) (emphasis added). It is true that the *Chambers* court relied on the language "benefit accruing" in reaching its decision. Nonetheless, also evident from the *Chambers* opinion is that a determination of the "benefit accruing" in section (b) necessarily derives from a finding of the carrier's *true subrogation interest* under art. 8307, § 6a(a), the benchmark for calculating attorney's fees.

Twin City also maintains that future death benefits cannot be calculated with reasonable certainty. We disagree. The record reveals that the present cash value of the future benefits was established by the Widow's Pension Table. The Supreme Court has approved of the use of this table to estimate future benefits for the calculation of attorney's fees. *See Stott v. Texas Employers Ins. Assoc.*, 645 S.W.2d 778 (Tex.1983). Relying on these tables, the district court found that the present value of the benefits was $87,179.49. This finding was not challenged by Twin City and is thus binding on appeal. Moreover, future death benefits are no more speculative than future medical benefits. In either situation, the claimant could die tomorrow and no longer be entitled to benefits.

■ In summary, following *Chambers*, we conclude that Mrs. Ischy and her attorney are entitled to attorney's fees based upon the present cash value of the benefits Twin City was relieved from paying. In reaching this conclusion, we are guided in major part by the writ history of *Chambers*. The Supreme Court refused to grant writ in that case, citing no reversible error. The result in *Chambers* is founded upon the conclusion that future benefits are part of the carrier's subrogation interest because they act as an advance against future payments. If the Supreme Court had wished to disapprove of that conclusion, we are confident that writ would have been granted. We therefore sustain Mrs. Ischy's first point of error.

In its findings of fact, the district court found that the release of Twin City's liability to pay future benefits had a present cash value of $87,179.49. Moreover, the court also determined that an attorney's fee of one-third of Twin City's recovery of its subrogated interest was reasonable. Since we have concluded that the subrogated interest includes the present cash value of the future benefits, we conclude that Twin City should pay Mrs. Ischy and her attorney $29,059.83, which represents one-third of $87,179.49.

■ The third point of error requests attorney's fees for the prosecution of this lawsuit. Ischy claims that she is entitled to attorney's fees under Tex.Rev.Civ.Stat. Ann. art. 2226, now codified in Tex.Civ. Prac. & Rem.Code Ann. § 38.001 (1986). We agree.

In *Dairyland County Mutual Ins. Co. of Texas v. Childress*, 650 S.W.2d 770 (Tex. 1983), the Supreme Court concluded that a person not party to an insurance contract could nonetheless recover art. 2226 attorney's fees in an action founded on the contract. The court reasoned that if the third-party stood as a potential beneficiary of the contract and was able to enforce the contract, the third-party would also be able to sue for attorney's fees under the contract provision of art. 2226.

Although Ischy is not suing to enforce the contract, we have concluded that this suit is founded upon a contract for purposes of § 38.001 attorney's fees. It is undisputed that Ischy was a potential beneficiary of the contract. Twin City's assertions to the contrary, Ischy need not render personal services or perform labor to be entitled to attorney's fees under § 38.001. *Dairyland County Mut. Ins. Co. of Texas v. Childress, supra.*

We find that Ischy is entitled to attorney's fees under § 38.001 and render judgment based upon the trial court's findings of reasonable attorney's fees in this lawsuit: $10,000 in the trial court, $5,000 if appealed to the Court of Appeals, $2,500 if application for writ of error is filed, $2,500 if application for writ of error is granted.

In conclusion, we reverse the judgment of the district court and render judgment that Twin City pay Mrs. Ischy and her attorney a sum total of $44,059.83. Should Twin City unsuccessfully file an application for writ of error, Twin City is ordered to pay Mrs. Ischy and her attorney $2,500. Further, should the application be granted and the judgment herein affirmed, Twin City is ordered to pay Mrs. Ischy $5,000 in attorney's fees in addition to the $44,059.83 noted above.