IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-90-281-CV





FIDELITY AND DEPOSIT COMPANY OF MARYLAND,



 APPELLANT


vs.





CONCERNED TAXPAYERS OF LEE COUNTY, INC. 


AND MIKE CUNNINGHAM,



 APPELLEES



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 479,553, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING



 






 Appellant, Fidelity and Deposit Company of Maryland (Fidelity), appeals a
judgment rendered on cross-motions for summary judgment. The trial court below found in favor
of appellees, Concerned Taxpayers of Lee County, Inc. and Mike Cunningham (Concerned
Taxpayers), on that part of their motion requesting the court to find Fidelity liable, as bonding
agent, for attorney's fees awarded as part of a final judgment in an earlier case against Fidelity's
principals. However, the trial court ruled against Concerned Taxpayers and in favor of Fidelity
on the remainder of the motion requesting attorney's fees expended in the case underlying this
appeal.

 Fidelity brings forward four points of error complaining of the action of the trial
court in denying its motion for summary judgment and granting relief to Concerned Taxpayers. 
Concerned Taxpayers responds with a cross-point of error contending that the trial court erred in
denying Concerned Taxpayers attorney's fees in the instant litigation. We will affirm the trial
court in all respects.



BACKGROUND


 This controversy arises from an attempt to create a hospital district in Giddings,
Lee County, Texas, in order to acquire the failing Lee Memorial Hospital. The Commissioners
Court of Lee County authorized an election held on November 8, 1988, to determine if there
should be a Lee County Hospital District (Hospital District). See 1957 Tex. Gen. Laws, ch. 199,
at 406 (Tex. Rev. Civ. Stat. Ann. art. 4494o, since repealed and codified at Tex. Health & Safety
Code Ann. §§ 282.001-.127 (Pamph. 1992)). The voters of Lee County authorized the formation
of the Hospital District and a property-tax assessment for its support. Five trustees for the
Hospital District were also elected. (1) Fidelity filed statutory public official bonds for each of the
trustees. These bonds were conditioned on the faithful performance of duties by the trustees and
issued pursuant to section nine of then-existing article 4494o. That section, since codified,
required filing $5000 bonds for each hospital district trustee payable for the benefit of the district.
Tex. Health & Safety Code Ann. § 282.022 (Pamph. 1992).

 The newly elected trustees held meetings to organize the board, elected officers,
and commenced steps to acquire control of the Lee Memorial Hospital. At one such meeting, the
board was put on notice that there might have been constitutional infirmities in the election, but
the board continued to hold meetings and move forward with plans to acquire the hospital.

 Concerned Taxpayers challenged the Hospital District in a declaratory judgment
suit in Travis County district court, alleging that the Commissioners Court had not satisfied all
of the statutory prerequisites for calling the election, that the resultant district was
unconstitutionally formed, that its five trustees were without authority to conduct business, and
that the trustees had violated the Open Meetings Act. (2) In the prior suit, the trial court found: 1)
that the Hospital District and its trustees were operating in violation of the Texas Constitution;
2) that the trustees had violated the Open Meetings Act at several of their meetings; 3) that the
Hospital District was permanently enjoined from operating; and 4) that plaintiffs were entitled to
their reasonable and necessary attorney's fees. This prior final judgment was not appealed nor
did Fidelity attempt to intervene in the underlying lawsuit.

 The Hospital District, which no longer exists, had no assets from which to satisfy
the monetary award part of the judgment. Concerned Taxpayers next filed the instant suit against
Fidelity as the surety on the trustees' bonds, attempting to collect the attorney's fees awarded in
the earlier case. Both parties agree that if recovery on the bonds is permissible, the bonds can be
aggregated to provide up to $25,000 of coverage.



DISCUSSION AND HOLDING


 Fidelity's four points of error can be reduced to two issues. Points of error one
and two contend that the trial court erred in requiring Fidelity to pay the judgment from the prior
action because the monetary award was for attorney's fees which are not mentioned explicitly in
the language of the bond or the statute pursuant to which the bonds were issued. Points of error
three and four contend that the trial court erred in requiring Fidelity to pay the attorney's fees
awarded under the prior judgment because the principals did not unfaithfully perform their duties
and therefore there was no contingency under which to invoke the bond provisions.

 Since this case was heard on cross-motions for summary judgment there is no fact
issue on appeal; rather, Fidelity complains of the trial court's incorrect application of the law, an
error always reviewable by this Court. Middleton v. Kawasaki Steel Corp., 687 S.W.2d 42, 44
(Tex. App.), writ ref'd n.r.e. per curiam, 699 S.W.2d 199 (Tex. 1985). Further, because the trial
court did not give a specific basis for its granting of summary judgment, we must affirm the trial
court if its judgment can be upheld on any legal theory raised in the motion and supported by the
record. McCrea v. Cubilla Condominium Corp., 685 S.W.2d 755, 757 (Tex. App. 1985, writ
ref'd n.r.e.).



A.  Liability for Attorney's Fees Under The Bond

 Fidelity contends that it has no liability for attorney's fees because it did not
explicitly bond for attorney's fees. However, the language of the bond is extremely broad,
following the language of the statute, and can be read as including any damages awarded against
the trustees in performance of their official duties. The award for attorney's fees was a part of
a damage award based on the unfaithful performance of the trustees in their official capacities. 
The trial court concluded that Fidelity bonded the Hospital District trustees against all damages
which they might have caused as a result of unfaithful performance of their duties. We agree.

 Appellant cites many cases denying attorney's fees awarded against bonds involving
private contractors. Fidelity argues that these cases establish as law in this state that, absent
specific language, attorney's fees are not recoverable against bonds. See, e.g., Mundy v. Knutson
Constr. Co., 294 S.W.2d 371 (Tex. 1956); William Cameron & Co. v. American Sur. Co., 55
S.W.2d 1032 (Tex. Comm. App. 1932, jdgm't adopted). Fidelity's reliance on this line of cases
is misplaced.

 The historical rule restricting awards of attorney's fees against bonding companies
stems from the common law rule which provides that each party is responsible for its own
attorney's fees. Under the common law rule, there must exist either a statutory basis or a
contractual provision between the parties to the suit for attorney's fees to be awarded. William
Cameron & Co., 55 S.W.2d at 1035. Before 1977, these conditions were not met in most suits
on bonds, particularly performance bonds. The bonds themselves did not usually authorize
payment of attorney's fees, and no statute authorizing such fees existed. The general attorney's
fees statute for material and labor did not apply due to the lack of a direct relationship between
the bonding company and the plaintiffs in those suits. See New Amsterdam Casualty Co. v. Texas
Indus., Inc., 414 S.W.2d 914, 916 (Tex. 1967).

 In 1977, the legislature amended the general attorney's fees statute, to allow
recovery of fees in suits on contracts. 1977 Tex. Gen. Law, ch. 76, § 1, at 153 (amending Tex.
Rev. Civ. Stat. Ann. art. 2226 (since repealed)). This article was codified without change. See
Tex. Civ. Prac. & Rem. Code. Ann. §§ 38.001-.006 (1986). (3) The cases cited by Fidelity in
support of its argument all predate this change in the statute. We do not, however, need to
address whether this change in the statute provides a basis for recovery of attorney's fees against
bonding companies because this case arises in a different context.

 In this case, the attorney's fees have become a part of the liability bonded against
by Fidelity. The fees were part of an award against Fidelity's principals under the Declaratory
Judgment Act, which authorizes the award of attorney's fees. Tex. Civ. Prac. & Rem. Code Ann.
§ 37.009 (1986). Therefore, there is no question of the basis for awarding the fees. Further, the
attorney's fees were awarded not in a suit against the bonding company, but in a separate suit
against the principals. The real issue in this case is the extent of Fidelity's liability under the
bonds for attorney's fees awarded as part of a judgment against its principals.

 The Texas Supreme Court has consistently reiterated that public official bonds, also
known as "fidelity bonds," are governed by different standards than those governing private surety
agreements. In Great American Insurance Company v. Langdeau, 379 S.W.2d 62, 65 (Tex.
1964), the supreme court explained, "In construing fidelity bonds, courts follow the liberal rules
applicable to insurance contracts rather than the strict rules of suretyship." See also Brown v.
Sneed, 14 S.W. 248, 252 (Tex. 1890).

 The bonds themselves do not specify or limit the type of damages covered. They
merely bond "for the use and benefit of the district in the event of unfaithful performance of
official duties" by their principals. As the court stated in Gold v. Campbell, 117 S.W. 463, 468
(Tex. Civ. App. 1909, no writ), "For all defaults of a public officer within the limit of what the
law authorizes or enjoins upon him, as such officer, the sureties on his official bond are liable." 
Given the broad language of the public official bonds in question, we conclude that the bonding
company's liability extends to all damages caused by the Hospital District trustees' unfaithful
performance of their duties. (4) Points of error one and two are overruled.



B.  Unfaithful Performance of Principals Under the Bond

 Appellant's third and fourth points of error contend that the trial court erred in
granting recovery against the bond because the principals performed no acts unfaithfully and
therefore the necessary contingency to invoke coverage was not met. This argument in the lower
court was based on the finding in the previous case that the Hospital District was void ab initio. 
Fidelity claims that since the district was void from its inception, the individual trustees had no
official status and, therefore, no official duties which they could perform, faithfully or
unfaithfully. Concerned Taxpayers responds that the trustees were acting as de facto officers up
until the trial court's ruling in the first lawsuit and that from their status as de facto officers
liability under the bonds arose. In this appeal Fidelity does not contest the de facto status of the
trustees and, therefore, waives any complaint against the trial court's ruling based on that
determination of de facto officer status. 

 In this appeal, Fidelity instead contends that it is not liable under the bonds because
the trustees never performed any duties unfaithfully and, in fact, never performed any statutory
duties at all. To support this contention, Fidelity notes that the trustees had no duty to notify the
legislature of the election and insure that the district was constitutionally formed; rather, that was
the duty of the Commissioners Court. Further, Fidelity claims that the trustees performed no
duties since they never operated the hospital, acquired funds or incurred debts. We reject this
argument. The trustees acted every time they held meetings and, therefore, had a duty to do so
in the proper manner. The final judgment in the earlier lawsuit, relied upon by all parties to this
suit, (5) held that three of the board meetings held by the trustees violated the Open Meetings Act,
constituting unfaithful performance of the trustees' official duties. We hold that the trial court
correctly concluded that a previous judgment finding violations of the Open Meetings Act
constituted unfaithful performance of duties by the trustee-principals sufficient to trigger liability
under the bonds. Points of error three and four are overruled.



C.  Appellees' Cross-Point of Error -- Attorney's Fees for this Suit

 Appellees bring forward as a cross-point of error the trial court's denial of their
request for attorney's fees under section 38.001 of the Civil Practice and Remedies Code. (6) That
statute allows recovery of attorneys's fees, in addition to the amount of a valid claim, if the claim
is based upon an oral or written contract. Tex. Civ. Prac. & Rem. Code Ann. § 38.001(8)
(1986). The case law on this provision is still fairly sparse since the amendment adding the "suits
on contract" provision did not take effect until 1977. However, it is clear that parties to a contract
who prevail in the trial court for a breach of contract can recover attorney's fees. See Golden v.
Murphy, 611 S.W.2d 914, 915 (Tex. Civ. App. 1981, no writ) (holding that the amendment of
2226 allowed recovery of fees in suits on contracts in contravention of the previous version of the
statute); see also Edwin M. Jones Oil Co. v. Pend Oreille Oil & Gas Co., 794 S.W.2d 442 (Tex.
App. 1990, writ denied); Veale v. Rose, 657 S.W.2d 834 (Tex. App. 1983, writ ref'd n.r.e.). 
Concerned Taxpayers, while not in contractual privity on the bond itself, seeks to recover
attorney's fees as a third-party beneficiary to the bonding contract.

 Concerned Taxpayers relies primarily on Dairyland County Mutual Insurance
Company v. Childress, 650 S.W.2d 770, 775 (Tex. 1983), which held that a third-party
beneficiary able to enforce a contract was also entitled to attorney's fees under the contract
provision of article 2226 of the Civil Statutes, now section 38.001. Concerned Taxpayers further
contends that this Court has previously held that even where the suit was not to enforce the
contract, but was founded on the contract, section 38.001 provided for recovery of attorney's fees
to the prevailing party. See Ischy v. Twin City Fire Ins. Co., 718 S.W.2d 885, 888 (Tex. App.
1986, writ ref'd. n.r.e.). In Ischy, the appellant sued a workers' compensation insurance carrier
over the amount of attorney's fees owed as part of the carrier's subrogated interest in appellant's
third party action. Appellant asked for attorney's fees for the suit against the carrier, based on
section 38.001, as a third party beneficiary of the insurance contract. Relying on Dairyland, this
Court found that section 38.001 applied to the third-party beneficial interest. 

 Fidelity does not dispute that Dairyland allows recovery of attorney's fees by
certain third-party beneficiaries; it merely contends that based on the case law governing third-party beneficiaries, Concerned Taxpayers is an incidental third-party beneficiary and therefore not
entitled to fees. Fidelity distinguishes Dairyland because there the intention to make the third
party a beneficiary was found in the surrounding sections of the motor vehicle statute which
demonstrated an intent to protect those injured in automobile accidents. Dairyland, 650 S.W.2d
at 775. Here, Fidelity contends that the bonding statute precludes third-party beneficiary status
for Concerned Taxpayers because it provides that the bond be made payable to the county judge
with the proceeds of the bonds for the use and benefit of the district. Tex. Health & Safety Code
Ann. § 282.022 (1992).

 Further, Fidelity points out that Concerned Taxpayers is neither a creditor nor a
donee beneficiary and therefore cannot recover under general third-party beneficiary law. See
Republic Nat'l Bank v. National Bankers Life Ins. Co., 427 S.W.2d 76 (Tex. Civ. App. 1968,
writ ref'd n.r.e.). Fidelity cites the standard from MJR Corporation v. B & B Vending Company,
760 S.W.2d 4, 11 (Tex. App. 1988, writ denied), requiring clear circumstances of donative intent
to find a donative beneficiary and a prior indebtedness owed to the third party by the contracting
principal in order to have a creditor beneficiary. Under the facts set forth, there was no pre-existing creditor relationship and no obvious donee intent. Therefore, we agree that, at most,
Concerned Taxpayers is an incidental beneficiary and is not entitled to recover attorney's fees
under section 38.001 in the instant case. Concerned Taxpayers' cross-point of error is overruled.

 The judgment of the district court is affirmed.



 

 Mack Kidd, Justice

[Before Chief Justice Carroll, Justice Aboussie and Kidd]

Affirmed

Filed: May 6, 1992

[Publish]

1. The elected trustees were James Arndt, Gail Butcher, D.W. Emmrich, Ronnie
McKeown, and Arthur Peterson.
2. Tex. Rev. Civ. Stat. Ann. art. 6252-17 (Pamph. 1992).
3. Predecessor statute to section 38.001 was art. 2226 of the revised civil statutes, which
was amended by Acts 1977, 65th Leg., p. 153, ch. 76, § 1, to include allowing recovery of
fees in suits on contracts. This article was codified into the Civil Practice and Remedies
code without change by Acts 1979, 66th Leg., p.718, ch. 314, § 1.
4. As one commentator stated, "The purpose served by official bonds is nothing more
than a form of insurance to protect parties who may be injured by the wrongful actions of
officials." David B. Brooks, County and Special District Law, 35 Texas Practice at § 7.5
(1989).
5. In its motion for summary judgment, Fidelity relied upon the finding in the prior
judgment that the district was void ab initio to argue that the trustees, having no official
status, could not have unfaithfully performed any official duties. 
6. At the trial level, Concerned Taxpayers also asked for fees under the Declaratory
Judgment Act. Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (1986). Recognizing the
discretionary nature of that provision, Appellees do not challenge the trial court's decision
to deny relief on that basis.