

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

September 9, 1999

The Honorable Pete P. Gallego
Chair, Committee on General Investigating
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0108

Re: Whether the governing body of a hospital district may meet in closed session when acting as a medical peer review committee under the Medical Practice Act and related questions  (RQ-0005)

Dear Representative Gallego:

You ask whether the governing body of a hospital district acts as a medical peer review committee as defined in the Medical Practice Act, title 3, subtitle B, chapter 151 of the Texas Occupations Code[1] ("the Act"), when it decides whether a physician should receive hospital privileges, evaluates the competence of a physician, or evaluates the quality of medical and health care services at the district's hospital. If the governing body of a hospital district does have authority to act as a peer review committee, you ask whether it may, without violating the requirements of the Open Meetings Act, hold a closed session when exercising that authority. The governing body of a hospital district acts as a medical peer review committee when it decides whether a physician should receive hospital privileges, evaluates the competence of a physician, or evaluates the quality of medical and health care services at the district's hospital, to the extent that the evaluation involves discussions or records that specifically identify an individual patient or physician. A hospital district's proceedings as a medical peer review committee are exempt from the requirements of the Open Meetings Act.

Your inquiry is limited to the peer review of physicians, and we will similarly limit our answer. Because your questions are based on statutes that were amended in the 76th session of the legislature, we will modify the questions where necessary to take these amendments into account. You first ask whether the governing body of a hospital district acts as a medical peer review committee under the Act when it decides whether a physician should be privileged to admit and treat patients at the hospital, evaluates the competence of a physician, or evaluates the quality of medical and health care services at the district's hospital.

---

[1]The Medical Practice Act was formerly article 4495b of the Texas Revised Civil Statutes. The 76th Legislature repealed and reenacted this law as title 3, subtitle B of the Occupations Code. Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, §§ 151.001-.056, 1999 Tex. Sess. Law Serv. 1431, 1461-66 (Vernon). (Effective September 1, 1999.)

"Medical peer review" or "professional review action" is "the evaluation of medical and health care services, including evaluation of the qualifications of professional health care practitioners and of patient care provided by those practitioners." Act of May 13, 1999, 76th Leg., R.S., ch. 388, § 1, sec. 151.002(7), 1999 Tex. Sess. Law Serv. 1431, 1463 (Vernon) (to be codified at TEX. OCC. CODE ANN. § 151.002(7)) [hereinafter "Act of May 13, 1999"]. A "[m]edical peer review committee," or "professional review body" within the Medical Practice Act includes the governing board of a health care entity and a committee or the medical staff of a health care entity with authority to evaluate the quality of medical and health care services or the competence of physicians. *Id.* § 151.002(8). The definition of a "health care entity" expressly includes a hospital district. *See id.* § 151.002(5), *as amended by* Act of May 21, 1999, 76th Leg., R.S., H.B. 2171, § 1 (effective June 19, 1999).[2] The governing body of a hospital district, as the governing board of a health care entity, falls within the definition of a "medical peer review committee" or "professional review committee" in the Act. *See* Act of May 13, 1999, *supra* § 151.002(8) (to be codified at TEX. OCC. CODE ANN. § 151.002(8)) (governing board of a health care entity is a medical peer review committee).

Moreover, "medical peer review committee" is defined by the Medical Practice Act as follows:

> "Medical peer review committee" or "professional review body" means a committee of a health-care entity, [and] the governing board of a health-care entity . . . . The term "medical peer review committee" or "professional review body" includes the governing body of a public hospital owned or operated by a governmental entity, the governing body of a hospital authority . . . and the governing body of a hospital district created under Article IX, Texas Constitution, but only:
>
> (A) in relation to the governing body's evaluation of the competence of a physician or the quality of medical and health care services provided by the public hospital, hospital authority, or hospital district; and
>
> (B) to the extent that the evaluation under Paragraph (A) involves discussions or records that specifically or necessarily identify an individual patient or physician.

Act of May 26, 1999, 76th Leg., R.S., H.B. 747, § 1 (to be codified as an amendment to TEX. OCC. CODE ANN. § 151.002(8)) (effective June 19, 1999).

---

[2]The repeal of a statute by a code does not affect an amendment of the statute by the legislature that enacted the code. The amendment is preserved and given effect as part of the code provision that revised the statute so amended. TEX. GOV'T CODE ANN. § 311.031(c) (Vernon 1998).

Thus, the governing body of a hospital district acts as a "medical peer review committee" or "professional review body" when it evaluates the competence of a physician, or evaluates the quality of medical and health care services at the district's hospital, but only to the extent that the evaluation identifies a particular patient or physician. It also acts as a peer review committee in deciding whether or not to accord a physician hospital privileges, because this decision necessarily involves evaluating the physician's competence. *See generally Memorial Hospital-The Woodlands v. McCown*, 927 S.W.2d 1, 3-4 (Tex. 1996) (the initial decision as to whether a physician should receive hospital privileges is part of the peer review process).

You ask whether the governing body of the hospital district may meet in closed session when it acts as a peer review committee. As a general matter, the governing body of a hospital district is subject to the Open Meetings Act as "the governing board of a special district created by law." TEX. GOV'T CODE ANN. § 551.001(3)(H) (Vernon 1994); *see Fidelity and Deposit Co. v. Concerned Taxpayers*, 829 S.W.2d 923, 926-27 (Tex. App.–Austin 1992, no writ) (hospital district trustees were liable on official bonds for violations of Open Meetings Act); Tex. Att'y Gen. Op. No. H-238 (1974) at 2 (Harris County Hospital District is a special district created under authority of law). However, a proceeding of a medical peer review committee is expressly exempted from the Open Meetings Act. Section 161.032(a) of the Health and Safety Code, which makes the records and proceedings of a peer review committee confidential and exempt from discovery, *see Brownwood Regional Hospital v. Eleventh Court of Appeals*, 927 S.W.2d 24 (Tex. 1996), was amended by the 76th legislative session to include the following language:

> A proceeding of a medical peer review committee, as defined by Section 1.03, Medical Practice Act . . . , or a meeting of the governing body of a public hospital, hospital district, or hospital authority at which the governing body receives records, information, or reports provided by a medical committee or medical peer review committee is not subject to Chapter 551, Government Code.

Act of May 21, 1999, 76th Leg., R.S., H.B. 2171, § 4 (to be codified as an amendment to Health & Safety Code § 161.032(a)) (effective June 19, 1999).

The governing body of a hospital district is accordingly exempt from the Open Meetings Act when it acts as a peer review committee or when it receives records, information, or reports provided by a medical committee or medical peer review committee. Section 161.032(a) of the Health and Safety Code does more than authorize a governmental body to conduct deliberations in executive session; it exempts the proceedings of a medical peer review committee from the Open Meetings Act in its entirety, including the notice provision. Thus, when the governing body of a hospital district meets as a peer review committee and does not conduct any other business subject to the Open Meetings Act, it is not required to post notice of the subject matter. Section 161.032(a) of the Health and Safety Code also exempts a peer review proceeding from the Open Meetings Act requirement that a final action, decision, or vote may only be made in an open meeting. *See* TEX. GOV'T CODE ANN. § 551.102 (Vernon 1994). When the hospital district board engages in a peer review

proceeding within section 151.002(8) of the Texas Occupations Code, it may conduct all discussion and take final action in a closed session.

You next ask whether the governing body of the hospital district is exempt from the Open Meetings Act as a peer review committee only when it is evaluating the competence, qualifications, or actions of a physician, but not when it is generally evaluating the quality of medical and health care services for which it is responsible in a way that does not involve evaluating an identifiable physician. As we have already concluded, the governing body of a hospital district acts as a "medical peer review committee" or "professional review body" when it evaluates the competence of a physician or evaluates the quality of medical and health care services at the district's hospital, to the extent that the evaluation involves discussions or records that specifically or necessarily identify the individual patient or physician. Accordingly, the governing body acts as a peer review committee and is exempt from the Open Meetings Act when it evaluates the quality of medical and health care services only so long as the evaluation involves discussions or records that specifically or necessarily identify the individual patient or physician.

Your last question is premised on the assumption that a hospital district governing body may not hold a closed meeting to act as a peer review committee. You inquire about the legal consequences of such a conclusion, the potential criminal or civil liability that the hospital district governing body or its members might face if the governing body evaluates the competence of physicians in an open meeting or simply fails to meet to evaluate the competence of physicians practicing or applying to practice at the district's hospital to avoid doing so in an open meeting. Because the governing body of a hospital district is exempt from the Open Meetings Act when it meets as a peer review committee and need not in those instances meet in an open meeting, we need not address your last question.

## S U M M A R Y

Pursuant to the Medical Practice Act, the governing body of a hospital district acts as a medical peer review committee when it decides whether a physician should receive hospital privileges, evaluates the competence of a physician, or evaluates the quality of medical and health care services at the district's hospital, to the extent that the evaluation involves discussions or records that specifically identify an individual patient or physician. Section 161.032(a) of the Texas Health and Safety Code exempts a hospital district's proceedings as a medical peer review committee from the requirements of the Open Meetings Act.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee