Alton W. TUCKER and Gary L. McConnell, Appellants,

v.

TEXAS EMPLOYERS INSURANCE ASSOCIATION, Appellee.

No. 01–87–00448–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 22, 1988.

Rehearing Denied April 27, 1989.

---

Lynn J. Klement, Gary L. McConnell, McConnell & Klement, Angleton, for appellants.

Robert L. LeBoeuf, Rainey & LeBoeuf, Angleton, for appellee.

Before LEVY, WARREN and DUGGAN, JJ.

## ON REHEARING

LEVY, Justice.

Our opinion of August 25, 1988, is withdrawn, and the following opinion is issued in its stead.

This is a take-nothing judgment rendered against appellant on his action for attorney's fees brought under the Texas Worker's Compensation Act, Tex.Rev.Civ.Stat. Ann. art. 8307, sec. 6a (Vernon Supp.1989).

The claim that is the subject of this appeal was severed from a prior third-party worker's compensation suit for on-the-job injuries brought by Alton W. Tucker against Dow Chemical Company ("Dow"), and EIMCO Process Equipment Company ("EIMCO"). Immediately prior to trial against Dow and EIMCO, Tucker settled with Dow for the sum of $100,000 and the further agreement that Dow would participate in the case. If a sufficient judgment were rendered against EIMCO, Dow and Tucker agreed that, pursuant to mutually satisfactory guidelines, "the first monies would go to Mr. Tucker and then after a certain figure was reached, there would be a splitting arrangement wherein Dow could recover some of their $100,000."

When the case came to trial against EIMCO, in answer to special issues, the jury found that EIMCO was not responsible for the accident resulting in Tucker's injury and that Tucker should recover nothing for future medical expenses.

After the jury delivered its verdict, but before entering judgment in the action, the trial court ordered a severance of appellee's intervention for recovery of benefits paid to Tucker. Dow and Tucker interpleaded $25,142.22 of the settlement amount into the trial court's registry to satisfy Texas Employers' claim, pending trial of the intervention.

Appellants (Tucker and his attorney McConnell) filed a cross-action in the intervention claim against appellee for attorney's fees. Appellants contended that they were entitled to attorney's fees in the amount of one-third of the $25,142.22 subrogation claim plus one-third of future medical benefits otherwise payable to Tucker. In total, appellants sought to recover $14,714.07 in attorney's fees in connection with the lawsuit against EIMCO. Additionally, appellants sought to recover attorney's fees under Tex.Civ.Prac. & Rem. Code Ann. § 38.001 (Vernon 1986) for services performed in the suit. They filed to recover the $14,714.07 in attorney's fees that appellee had failed to pay when billed by appellants.

The trial court, after a non-jury trial, refused to include future medical expenses of Tucker in appellee's subrogation interest, awarded a one-third attorney's fee only on the basis of the amount of $25,142.22 actually paid by appellee, and apportioned the one-third award between the attorneys for both Tucker and Texas Employers. McConnell received an attorney's fee award of $5,500, and the attorney for Texas Employers was awarded an attorney's fee in the amount of $2,880.

Appellants assert three points of error, and their first two points will be considered together.

■ Appellants claim that the trial court erred in failing to find that Tucker would incur future medical expenses in determining the value of appellee's subrogation interest under art. 8307, § 6a, of the Worker's Compensation Act, and that it also erred in refusing to consider the cost of future medical expenses that Tucker would incur for which appellee would have been liable in absence of Tucker's settlement with Dow.

Tex.Rev.Civ.Stat.Ann. art. 8307, § 6a(b) (Vernon Supp.1989), provides that if an association supplying worker's compensation insurance, such as Texas Employers in the case at bar, retains an attorney to actively

represent its interest and if the attorney actively participates in obtaining a recovery, the court shall award and apportion an attorney's fee allowable out of the association's subrogation recovery between such attorneys, taking into account the benefit accruing to the association as a result of each attorney's service, the aggregate of such fees not to exceed one-third of the subrogated interest.

Future medical benefits are to be included in the insurance carrier's subrogated interest for purposes of awarding attorney's fees under art. 8307, § 6a. *Ischy v. Twin City Fire Ins. Co.*, 718 S.W.2d 885, 888 (Tex.App.—Austin 1986, writ ref'd n.r. e.); *Chambers v. Texas Employers' Ins. Ass'n*, 693 S.W.2d 648, 650 (Tex.App.—Dallas 1985, writ ref'd n.r.e.). Accordingly, before we consider whether proper attorney's fees were awarded, we must first determine whether Tucker would incur future medical expenses. As previously noted, in Tucker's lawsuit against EIMCO, the jury did not find that EIMCO was guilty of negligence, and also found that Tucker would incur no future medical expenses as a result of his injuries. In our case, the trial court heard the same evidence previously presented to the jury in the original action, took judicial notice of the jury's findings as to zero future medical expenses, and determined that no future damages were to be included in appellee's subrogated interest for determination of attorney's fees. In his findings of fact and conclusions of law, the trial judge made no independent finding concerning Tucker's future medical expenses, and held that Tucker and McConnell were collaterally estopped from being awarded attorney's fees for Tucker's future medical expenses because of the jury's negative finding on the issue.

Collateral estoppel, or *issue* preclusion, . . . precludes the relitigation of identical issues of facts or law that were actually litigated and essential to the judgment in a prior suit. Once an actually litigated and essential issue is determined, that issue is conclusive in a subsequent action between the same parties. Thus, . . . collateral estoppel analysis does not focus on what could have been litigated, but only on what was actually litigated and essential to the judgment.

*Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d 381, 384 (Tex.1985) (cites omitted) (emphasis in original).

In Tucker's case against EIMCO, the issue of Tucker's future medical expenses was not fully litigated and was not necessary to the outcome of that lawsuit. The jury found that EIMCO was not liable to Tucker for damages, thereby rendering moot the issue of future medical expenses. Since the finding that EIMCO was not liable decided all issues between Tucker and EIMCO, the finding that Tucker would incur no future medical expenses was thereby rendered immaterial and would not estop Tucker from litigating that issue against appellee. *Van Dyke v. Boswell, O'Toole, Davis & Pickering*, 697 S.W.2d at 381.

■ Appellant urges in his third and final point of error that the trial court erred in refusing to award appellants reasonable attorney's fees under art. 8307, § 6a.

Appellants rely on *Ischy v. Twin City Fire Ins. Co.*, 718 S.W.2d at 885, to support their claim that they were required to bring the case at bar to recover their attorney's fees as allowed under art. 8307, § 6a, thereby becoming entitled to additional attorney's fees under Tex.Civ.Prac. & Rem. Code § 38.001 for services rendered in litigation of the case at bar. We agree. Though appellants made a demand for attorney's fees, appellee refused to make payment, thus requiring appellants to file suit for the alleged debt. *Ischy v. Twin City Fire Ins. Co.*, 718 S.W.2d at 888.

We are of the opinion that because the jury finding in the *Tucker v. EIMCO* case did not preclude the issue of future medical benefits from being decided in the latter case, the trial court should have made an independent finding as to whether Tucker would incur future medical expenses and, if so, the amount, if any, which Tucker would be entitled to recover as attorney's fees. If the court makes affirmative findings on those two issues, then it would be required

to make an appropriate finding as to appellants' entitlement to attorney's fees under § 38.001.

Appellant's motion for rehearing is granted.

The judgment is reversed, and the cause is remanded for a determination of the above issues.