**Russell PARKER, Appellant,**

v.

**STATE FARM MUTUAL AUTO-MOBILE INSURANCE CO., Appellee.**

**No. 04–01–00201–CV.**

Court of Appeals of Texas, San Antonio.

May 22, 2002.

---

Forrest N. Welmaker, Jr., Welmaker Law Firm, P.C., San Antonio, for Appellant.

Edward C. Mainz, Jr., Thornton, Summers, Biechlin, Dunham & Brown, San Antonio, Vaughan E. Waters, Thornton, Summers, Biechlin, Dunham & Brown, Corpus Christi, for Appellee.

Sitting: CATHERINE STONE, Justice, SARAH B. DUNCAN, Justice, KAREN ANGELINI, Justice.

Opinion by: SARAH B. DUNCAN, Justice.

The court has considered Russell Parker's motion for rehearing in this case and is of the opinion that the motion should be granted. We withdraw our March 27, 2002 opinion and judgment and substitute the following.

Russell Parker appeals the summary judgment in favor of State Farm Mutual Automobile Insurance Company on Parker's breach of an insurance contract and bad faith claims arising out of a one-car accident in which Parker was the passenger. We reverse the trial court's summary judgment on Parker's breach of contract claim. Because the jury in Parker's prior negligence suit against the driver refused to find the driver was negligent,

the jury's damage findings in that suit were not essential to the judgment. Therefore, we hold collateral estoppel does not preclude relitigation of the same damages in Parker's breach of contract claim against State Farm. We also reverse the trial court's summary judgment on Parker's extra-contractual claims. Because these claims had been abated, the motion for summary judgment was a nullity.

## FACTUAL AND PROCEDURAL BACKGROUND

Russell Parker was injured while a passenger in a vehicle that was involved in a one-car collision. Thereafter, Parker filed a claim for medical expenses and lost wages under the driver's personal injury protection (PIP) policy with State Farm Mutual Automobile Insurance Company. State Farm made payments to Parker totaling approximately $20,000. This amount covered some but not all of Parker's claims. When State Farm refused to pay the remainder of Parker's claims, he sued the driver for negligence and State Farm for breach of contract and bad faith. Pursuant to an agreed order, these causes of action were severed into three suits.

The case against the driver proceeded to trial. The jury refused to find that the driver was negligent. However, because the damage issue was not submitted conditionally, the jury also found Parker suffered the following damages:

a. Physical pain and mental anguish suffered in the past — $–0–
b. Physical pain and mental anguish that, in reasonable probability, Russell Parker, will sustain in the future — $–0–
c. Physical impairment sustained in the past — $–0–
d. Physical impairment that, in reasonable probability, Russell Parker, will sustain in the future — $–0–
e. Medical care in the past — $2,958.28
f. Medical care that, in reasonable probability, Russell Parker, will incur in the future — $–0–
g. Loss of earning capacity sustained in the past — $1,380.00
h. Loss of earning capacity that, in reasonable probability, Russell Parker will sustain in the future. — $–0–

Based on the jury's "no" answer to the negligence question, the trial court entered a take-nothing judgment in favor of the driver.

After judgment in the negligence suit, State Farm moved for summary judgment in the breach of contract and bad faith suits. The trial court granted the motions without stating its grounds. Parker appealed.

## STANDARD OF REVIEW

We review a summary judgment de novo. *Valores Corporativos, S.A. de C.V. v. McLane Co.*, 945 S.W.2d 160, 162 (Tex. App.—San Antonio 1997, writ denied). We will affirm a summary judgment under Rule 166a(c) only if the summary judgment record establishes there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law on a ground set forth in the motion. *Valores*, 945 S.W.2d at 162; Tex.R. Civ. P. 166a(c). In deciding whether a disputed fact issue precludes summary judgment, we take evidence favorable to the respondent as true and indulge every reasonable inference and resolve all doubts in his favor. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

## BREACH OF CONTRACT

Because the damages Parker seeks in his breach of contract suit against State Farm are identical to the damages that were litigated and found by the jury in his negligence action against the driver and are far less than the benefits State Farm paid to Parker before he filed suit, State Farm moved for summary judgment on Parker's breach of contract claim. State Farm argued that Parker was barred from relitigating his damages by the doctrine of collateral estoppel. In response, Parker argues collateral estoppel does not apply because his damages were not facts essential

to the judgment in the negligence action. We agree.

■ "A party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." *Sysco Food Servs., Inc. v. Trapnell,* 890 S.W.2d 796, 801 (Tex.1994). If a jury refuses to find the defendant negligent, its answer to the damages question is not necessary to the outcome of the lawsuit; therefore, collateral estoppel does not bar relitigation of the same damages in a subsequent suit. *Tucker v. Texas Employers Ins. Assoc.,* 768 S.W.2d 742, 744 (Tex.App.—Houston [1st Dist.] 1988, writ denied).

■ Because the jury in Parker's prior negligence suit refused to find that the driver was negligent, its answer to the damages question was not necessary to the take-nothing judgment. Accordingly, the doctrine of collateral estoppel does not bar Parker's relitigation of his damages in his breach of contract suit against State Farm. *See id.* State Farm argues, however, that *Tucker* must be distinguished because the fact there sought to be relitigated "was not fully litigated *and* was not necessary to the outcome of [the prior] lawsuit," *id.* (emphasis added), while Parker's damages were fully litigated and indeed decided by the jury in the negligence action. We agree that *Tucker* is distinguishable; the defendant there failed to establish either of the first two requirements for the application of collateral estoppel, while State Farm failed to establish only the second requirement. But that is a distinction without a difference. Neither *Tucker* nor any other case we have found permits us to depart from the requirement that the party asserting collateral estoppel must establish that the facts sought to be relitigated were essential to the judgment in the first action. *See Sysco,* 890 S.W.2d at 801. We are therefore constrained to hold that the trial court erred in granting summary judgment against Parker on his breach of contract claim.

### BAD FAITH

■ The jury in the negligence action found Parker's damages to be approximately one-fifth of the amount State Farm paid to Parker before he filed suit. State Farm thus moved for summary judgment on Parker's bad faith claim on the ground that the jury's damage findings establish as a matter of law that State Farm had a reasonable basis for denying Parker's claim. We agree this states a sufficient ground for summary judgment. *Cf. United States Fire Ins. Co. v. Millard,* 847 S.W.2d 668, 673 (Tex.App.—Houston [1st Dist.1993], no writ) ("if the finder of fact concludes that the plaintiff's damages do not exceed the defendant's settlement offer, then defendant's conduct necessarily cannot have been in bad faith"). However, Parker's extra-contractual claims were abated "until final resolution of the contractual claims." Consequently, the motion for summary judgment was a nullity insofar as these claims were concerned. *See Lumbermens Mut. Cas. Co. v. Garza,* 777 S.W.2d 198, 198 (Tex.App.—Corpus Christi 1989, orig. proceeding).

### CONCLUSION

Because the jury refused to find the driver negligent, the jury's damage findings were not essential to the take-nothing judgment against Parker in that suit. Consequently, collateral estoppel does not preclude relitigation of the same damages in Parker's breach of contract suit against State Farm. We therefore reverse the trial court's summary judgment on Parker's

breach of contract claim and remand the cause to the trial court for further proceedings consistent with this opinion. We also reverse the trial court's summary judgment on Parker's extra-contractual claims. Because these claims had been abated, the motion for summary judgment was a nullity.