**Edward J. FOX, M.D., Appellant,**

v.

**Andrew HINDERLITER and Olga Hinderliter, Appellees.**

No. 04–06–00430–CV.

Court of Appeals of Texas, San Antonio.

Dec. 27, 2006.

Patricia S. Allen, Terri S. Harris, Ewbank & Byrom, P.C., Austin, for appellant.

Stephen F. White, Law Office of Stephen F. White, P.C., Robert R. Biechlin, Jr., Thornton, Biechlin, Segrato, Reynolds & Guerra, L.C., San Antonio, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

This accelerated appeal presents the issue of the interplay between a notice of nonsuit and a pending motion to dismiss challenging the adequacy of a medical expert report.

### PROCEDURAL BACKGROUND

On September 9, 2004, Andrew and Olga Hinderliter sued Edward J. Fox, M.D., and Patrick H. Peters, Jr., M.D., for medical negligence.[1] The Hinderliters alleged that Fox, a neurologist who treated Andrew for multiple sclerosis, was negligent for failing to treat Andrew's rising prostate-specific antigen (PSA) levels and for failing to diagnose Andrew with prostate cancer. The Hinderliters timely filed the expert report and curriculum vitae of Dr. Malin Dollinger. Fox, in turn, timely filed objections to the report and a motion to dismiss with prejudice and for attorney's fees and costs, arguing that the report

---

1. Because the Hinderliters' claim was filed on September 9, 2004, a prior version of the controlling statute was in effect at the time. Acts 2003, 78th Leg., ch. 204, § 10.01, eff. Sept. 1, 2003. The current version of the statute is virtually identical, except the current version changed "not later than the 120th day after the date the *claim* was filed" to "not later than the 120th day after the date the *original petition* was filed." TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(a) (Vernon Supp. 2006) (emphasis added). As this change does not affect our discussion, we will refer to the current version of the statute.

failed to satisfy the requirements of section 74.351(r)(6) as to him because only a small portion of Dr. Dollinger's report addressed Fox's possible role in Andrew's delayed diagnosis. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(r)(6) (Vernon Supp.2006) (requiring that the expert report provide a fair summary of the expert's opinions regarding applicable standards of care, the manner in which the care rendered by the particular physician failed to meet the standards, and the causal relationship between that failure and the claimed injury, harm or damages). Fox also asserted that Dr. Dollinger, an oncologist, was unqualified to give his opinion about Fox, who practices a different subspecialty, neurology.

On February 9, 2005, the day Fox's motion to dismiss was scheduled to be heard, counsel for both parties discussed a Rule 11 agreement in which the Hinderliters would nonsuit Fox. An agreement was never reached by the parties, and the hearing on the motion to dismiss was subsequently rescheduled for March 30, 2005. On March 29, 2005, the Hinderliters filed a notice of nonsuit *without* prejudice with respect to Fox; the cause remained pending as to Peters. According to both parties, at the hearing on March 30, the trial court refused to hear Fox's objections to the expert report and refused to rule on Fox's motion to dismiss because the nonsuit had been filed.[2]

On February 22, 2006, the Hinderliters amended their pleadings in the same cause number to again add Fox as a defendant; two months later they filed the expert report of Dr. John Conomy. On May 11, 2006, Fox filed his second motion to dismiss, arguing (1) "... the report of Dr. Malin Dollinger is inadequate as to Dr.

Fox, and Dr. Fox is entitled to the affirmative relief requested on March 30, 2005, prior to any nonsuit filed by plaintiffs," and, alternatively, (2) "... the report recently filed by Dr. John P. Conomy, M.D., J.D., is untimely...." After a hearing, the trial court denied Fox's second motion to dismiss in a general order, without specifying its reasons. This interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(9) (Vernon Supp.2006).

### DISCUSSION

In his sole point of error, Fox maintains the trial court erred in denying his second motion to dismiss because the original report by Dr. Dollinger failed to comply with the statutory requirements, and he is therefore entitled to the relief he requested prior to the Hinderliters' nonsuit, *i.e.*, dismissal with prejudice, and attorney's fees and costs. In their brief in response, the Hinderliters do not address the sufficiency of Dr. Dollinger's report. Instead, they counter that *only* Dr. Conomy's report (the second expert report) should be considered. The Hinderliters maintain that their notice of nonsuit was "effective" because "there was no pending motion for affirmative relief;" therefore, they contend they had a new 120–day period to file an expert report after they amended their pleadings to re-add Fox.

### *Interplay Between TEX.R. CIV. P. 162 and TEX. CIV. PRAC. & REM.CODE ANN. § 74.351*

We begin our analysis by determining what impact a notice of nonsuit filed under Texas Rule of Civil Procedure 162 has on a pending motion to dismiss under Texas Civil Practice and Remedies Code section 74.351. Generally, a plaintiff has an unqualified right to dismiss a case or

---

**2.** We are unable to discern from the record the identity of the judge who presided over the March 30, 2005 hearing. No orders were signed, and the reporter's record, if any was made, was not filed with this court.

take a nonsuit "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence...." TEX.R. CIV. P. 162. Furthermore, that nonsuit becomes effective from "the moment the motion is filed." *Univ. of Tex. Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100 (Tex.2006); *see also In re Bennett*, 960 S.W.2d 35, 38 (Tex.1997) (once notice of nonsuit is filed, trial court has no discretion to refuse to sign order of dismissal). However, a plaintiff's right to nonsuit "shall not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief" and has "no effect on any motion for sanctions, attorney's fees or other costs[,] pending at the time of dismissal." TEX.R. CIV. P. 162.

■■■ The Hinderliters argue that their notice of nonsuit was immediately effective because the only motion pending at the time, Fox's motion to dismiss, was not a "claim for affirmative relief." In order for a defensive pleading to qualify as a claim for affirmative relief, the pleading must allege "a cause of action, independent of the plaintiff's claim, on which [the defendant] could recover benefits, compensation or relief, even though the plaintiff may abandon his cause of action or fail to establish it." *BHP Petroleum Co., Inc. v. Millard*, 800 S.W.2d 838, 841 (Tex.1990). Fox's motion to dismiss seeks a statutory remedy of dismissal with prejudice, and an award of attorney's fees and costs, based on the inadequacy of Dr. Dollinger's expert report. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (Vernon Supp.2006). As such, Fox's motion to dismiss does not allege an independent "cause of action" on which he could recover regardless of whether the Hinderliter abandoned or failed to prove their cause of action; therefore, Fox's request for dismissal does not

qualify as a "claim for affirmative relief" under Rule 162.

However, Rule 162 also provides that a nonsuit or dismissal "shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal...." TEX.R. CIV. P. 162. As previously noted, Fox's motion seeks dismissal of the Hinderliters' suit with prejudice to re-filing and the award of attorney's fees and costs as provided under section 74.351(b)(1) and (2). TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b)(1), (2). If an expert report as to a defendant physician is not timely served, section 74.351(b) mandates that the trial court "shall" dismiss the claim with respect to the physician and "shall" award reasonable attorney's fees and costs to the physician, subject to a possible extension under subsection (c). *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b), (c) (Vernon Supp.2006). The language of the statute is mandatory, and the dismissal and award of attorney's fees and costs go hand in hand. In effect, Fox's motion to dismiss and for attorney's fees and costs constitutes a request for statutory sanctions under section 74.351(b) based on the Hinderliters' failure to comply with the mandated statutory requirements of section 74.351(r)(6). *See Regent Care Ctr. of San Antonio II, L.P. v. Hargrave*, 202 S.W.3d 807, 811 (Tex.App.-San Antonio 2006, pet. filed) (Duncan, J., dissenting from the denial of en banc consideration) (characterizing as "statutory sanctions" and "statutorily-mandated sanctions" the dismissal with prejudice and award of attorney's fees and costs based on a plaintiff's failure to timely serve an expert report, or voluntarily nonsuit, in a health care liability action); *see also Moseley v. Behringer*, 184 S.W.3d 829, 834 (Tex.App.-Fort Worth 2006, no pet.). Therefore, as a form of sanctions, Fox's original motion to dismiss and request for attorney's fees

and costs survived the Hinderliters' non-suit pursuant to the express language of Rule 162, and remained pending even after the Hinderliters amended their pleadings to re-add Fox. *See Tri–M Erectors, Inc. v. Clearwater Constructors, Inc.,* 788 S.W.2d 906, 908 (Tex.App.-Austin 1990, writ denied) (holding that portion of motion for sanctions requesting dismissal was still "pending" at the time of the nonsuit, and was unaffected by the nonsuit, and therefore the trial court could still dismiss with prejudice as a discovery sanction).

■ The Hinderliters argue that since Dr. Dollinger's report was timely filed, Fox is not entitled to seek attorney's fees under section 74.351(b) because of the potential for a 30–day extension under subsection (c); therefore, Fox's motion was not one seeking "sanctions, attorney's fees or other costs," and did not survive their nonsuit. We disagree. The mere possibility that the trial court may grant a 30–day extension does not deprive Fox of the right to have his motion heard, and does not alter the character of the motion as one for statutory sanctions. Rule 162 provides that a dismissal has "no effect" on a pending motion for sanctions, attorney's fees and costs, indicating that the motion remains pending and must therefore be heard and ruled on, but not that it must necessarily be granted. *See* Tex.R. Civ. P. 162.

Here, Fox's motion, which was pending at the time of the nonsuit, clearly sought the statutory sanctions of dismissal with prejudice to re-filing and attorney's fees and costs under section 74.351(b). Tex. Civ. Prac. & Rem.Code Ann. § 74.351(b). Accordingly, under the express language of Rule 162, the Hinderliters' notice of nonsuit had no effect on Fox's pending motion for statutory sanctions.

### Merits of Fox's Motion to Dismiss

■ Since Fox's motion to dismiss for lack of an adequate medical expert report was filed approximately two months before the Hinderliters' notice of nonsuit, the trial court could have properly ruled on Fox's motion the first time it was set for a hearing on February 9, 2005. Instead, the hearing was reset, and the Hinderliters filed their notice of nonsuit on March 29, 2005, the day before the rescheduled hearing. At the March 30, 2005 hearing, the trial court could have heard and ruled on Fox's motion to dismiss, which was unaffected by the nonsuit, but the court apparently declined to rule at that time. When the Hinderliters amended their pleadings to re-add Fox, almost one year later, Fox properly filed a second motion to dismiss seeking, in part, a ruling on the merits of his still pending original motion to dismiss. Fox's second motion clearly states, ". . . the report of Dr. Malin Dollinger is inadequate as to Dr. Fox, and Dr. Fox is entitled to the affirmative relief requested on March 30, 2005, prior to any nonsuit filed by plaintiffs."

■ As discussed, *supra,* Rule 162 provides that pending motions for costs, attorney's fees, and sanctions remain viable in the trial court until their resolution despite the intervention of a nonsuit or dismissal. Tex.R. Civ. P. 162. Under Rule 162, the trial court may "hold hearings and enter orders affecting costs, attorney's fees, and sanctions, even after notice of nonsuit is filed." *Estate of Blackmon,* 195 S.W.3d at 101. Here, because the Hinderliters' notice of nonsuit had no effect on Fox's original pending motion for dismissal, and because Fox properly renewed his request for a ruling on his original motion, the trial court clearly had a duty to determine whether Dr. Dollinger's report met the statutory requirements and to determine whether Fox was entitled to the relief he

sought. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(b); *see also Safety–Kleen Corp. v. Garcia,* 945 S.W.2d 268, 269 (Tex. App.-San Antonio 1997, orig. proceeding) (trial court has ministerial duty to consider and rule on pending motion within a reasonable time).

■ The transcript of the June 15, 2006 hearing shows that the trial court did address the merits of Fox's challenge to the adequacy of Dr. Dollinger's report. The court indicated on the record that Dr. Dollinger's report was adequate:

> Counsel for Fox: And Your Honor, for the appellate record, are you finding Doctor Dollinger's report was sufficient[,] or are you giving them an additional 30 days to correct the deficiencies in Doctor Dollginer's report?
>
> Court: I think it's sufficient.
>
> Counsel for Fox: ... [T]he only thing I would like to add [to the order] is after the word "denied" at the end, "denied because the Court found Doctor Dollinger's report to be sufficient."
>
> Court: Okay, that's on the record, Counsel.

The transcript further confirms that the Hinderliters affirmatively represented that they were not relying on Dr. Dollinger's report for their claims against Fox. At the hearing, counsel for the Hinderliters stated, "Doctor Dollinger is a board certified internal medical specialist. He's also a board certified oncologist. Both certifications are current and he—he could address the issues as to Doctor Fox and chose not to ... [Y]ou know, I could have gone back to Doctor Dollinger, I chose to not do that." In addition, the Hinderliters have never disputed, at the trial level or on appeal, that Dr. Dollinger's report fails to meet the statutory requirements for them to maintain their suit against Fox. We conclude, therefore, that Fox was entitled to the relief he sought, *i.e.,* dismissal with

prejudice and attorney's fees and costs. *See* Tex. Civ. Prac. & Rem.Code Ann. § 74.351(b).

Moreover, our own review of the four corners of Dr. Dollinger's report as to Fox reveals that it fails to represent an objective good faith effort to comply with the statute. *See Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios,* 46 S.W.3d 873, 878 (Tex.2001). To meet the statutory requirements, an expert report must include a fair summary of the expert's opinions on each of the elements identified in section 74.351(r)(6): standard of care, breach, and causation. *Id.* at 878–79; *Tovar v. Methodist Healthcare Sys. of San Antonio, Ltd., L.L.P.,* 185 S.W.3d 65, 68 (Tex.App.-San Antonio 2005, pet. denied).

The totality of Dr. Dollinger's comments as to Fox are contained in one paragraph of the report. His ultimate opinion is set forth in the last sentence of that paragraph:

> Regarding the question of Dr. Fox's possible role in a delayed diagnosis of curable prostate cancer in this subject, I have considered various entries in subject's chart from Dr. Fox's office. In the medical chart on this subject from Dr. Fox's office, there is a handwritten progress note dated October 1, 2003, which states [conventional medical abbreviations expanded], "PSA increased recently, will be getting repeat testings." Review of prior medical record entries by Dr. Fox does not disclose any prior mention of any elevation in PSA level in this subject. It is unknown to this reviewer whether Dr. Fox had knowledge of the prior slightly elevated PSA of 4.9, in October 2002. *To the extent that he may have had such knowledge, at a time when subject's prostate cancer was curable, with reasonable medical probability, i.e., during October 2002, or shortly thereafter, and may have failed to take*

*appropriate action to [e]nsure that such PSA elevation was investigated by a urology consultant, such failure to take appropriate action would be a failure to adhere to the required standard of care, in a similar fashion as described in connection with Dr. Peters.* (emphasis added).

Dr. Dollinger fails to identify the applicable standard of care for a neurologist such as Fox. Specifically, Dr. Dollinger does not set forth what protocol an ordinarily prudent neurologist would follow when a patient who is being treated for multiple sclerosis presents with elevated lab values unrelated to his multiple sclerosis. At best, the report is conclusory and states that Fox "... **may** have failed to take **appropriate action** to ensure that such PSA elevation was investigated by a urology consultant ..." (emphasis ours). However, the "appropriate action" referenced is never identified or described by Dr. Dollinger. Similarly, the report fails to specify how Fox breached the applicable standard of care. Dr. Dollinger's assertion that Fox's "... failure to take appropriate action would be a failure to adhere to the standard of care ..." is conclusory because it wholly fails to provide "specific information about what the defendant should have done differently." *See Palacios,* 46 S.W.3d at 880. Furthermore, Dr. Dollinger does not even attempt to address causation as to Fox. Because the report fails to address the statutory requirements concerning standard of care, breach, and causation, the trial court erred in denying Fox's motion to dismiss.[3]

### CONCLUSION

In summary, we conclude that Fox's motion for a dismissal with prejudice and attorney's fees and costs was a motion for statutory "sanctions" within the meaning of Rule 162. Because Fox's motion for sanctions was pending at the time of the Hinderliters' nonsuit, the motion was not affected by the nonsuit and remained pending. *See* TEX.R. CIV. P. 162. When the merits of the motion to dismiss were ultimately considered and ruled on by the trial court, the motion was denied based in part on the court's finding that Dr. Dollinger's report was adequate. Based on our review of the four corners of Dr. Dollinger's report, we hold the trial court abused its discretion in finding the report adequate as to Fox. Accordingly, based on the reasons stated above, we reverse the trial court's order denying Fox's motion to dismiss, and remand the cause to the trial court with instructions to render judgment dismissing the Hinderliters' claims against Fox with prejudice, and to award Fox his reasonable attorney's fees and costs of court. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 74.351(b).

---

**3.** Because the trial court had the duty to address Fox's pending motion challenging the adequacy of Dr. Dollinger's report, and because Dr. Dollinger's report failed to meet the statutory requirements, we need not reach any issues relating to the subsequent expert report by Dr. Conomy, including its timeliness.