COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-226-CV

 

 

PAULA SHAIKH, INDIVIDUALLY                                             APPELLANT



AND
AS NEXT FRIEND OF JULIA DREYER

 

                                                   V.

 

PLAZA MEDICAL CENTER OF FORT WORTH,                              APPELLEE

A/K/A
COLUMBIA PLAZA MEDICAL CENTER 

OF
FORT WORTH SUBSIDIARY, L.P.

 

                                              ------------

 

           FROM
THE 153RD DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

This is a health care
liability case in which appellant, Paula Shaikh, individually and as next
friend of Julia Dreyer, complains of the trial court=s dismissal with prejudice of her claims against appellee, Plaza
Medical Center of Fort Worth a/k/a Plaza Medical Center of Fort Worth Subsidiary,
L.P.  We affirm.








On December 14, 2005,
appellant filed a health care liability claim against appellee and several
nurses[2]
involved in the medical care and treatment of Julia Dreyer.  On January 12, 2006, appellee answered
appellant=s lawsuit
and simultaneously filed a plea in abatement pursuant to section 74.052 of the
Texas Civil Practice and Remedies Code, alleging that appellant had failed to
provide the statutorily-required authorization form with her written notice of
suit.[3]

On February 13, 2006, the
trial court granted appellee=s plea in abatement, abating all further proceedings against appellee
for sixty days following the receipt from appellant of the statutorily-required
authorization form.  Appellant provided a
compliant authorization on the same day via fax.  The abatement, therefore, expired on April
14, 2006.








On April 21, 2006, one week
after the expiration of appellant>s expert report deadline,[4]
appellee filed a motion to dismiss pursuant to section 74.351 of the Texas
Civil Practice and Remedies Code, seeking dismissal with prejudice and the
award of attorney=s fees and
costs.[5]  Then, on April 27, 2006, appellant filed a
motion to dismiss without prejudice, claiming the motion was Abeing filed with the consent of Defendants.@  On May 1, 2006, the trial
court signed an order dismissing appellant=s claims without prejudice. 
However, after a hearing on May 15, 2006, the trial court ordered that
the case be dismissed with prejudice and awarded appellee attorney=s fees in the amount of $5,000.00. 








In her first issue, appellant
contends that the trial court=s Order of Dismissal with Prejudice and Award of Attorney=s Fees was erroneous because the effect of the abatement order was to
suspend all deadlines in the case, including the expert report deadline under
section 74.351.  We disagree.

Under Chapter 74 of the Texas
Civil Practice and Remedies Code, notice of a health care liability claim Amust be accompanied by the authorization form for release of protected
health information as required under section 74.052@ of the Code.[6]  This abatement, however, does not relieve a
health care liability plaintiff from her obligation to serve an expert report
120 days after filing her claim.[7]  As one of our sister courts observed,  








[I]f
an abatement for failure to give the required notice under the act
automatically extends the deadline for filing the medical expert report, a
plaintiff would in fact be rewarded with additional time for the filing of his
report by his failure to comply with the statutory notice requirement.  In other words, a health care provider would
be placed in the position of having to choose whether to seek an abatement for
the failure of the plaintiff to give him the statutorily required 60-day notice
or to hold the plaintiff to the statutorily required deadline for filing the
expert report.  We cannot believe that
the intent of the legislature to discourage frivolous lawsuits and encourage
settlement of claims would be served by such a construction, since the legislature
has determined that failing to timely file an expert report means that the
claim is either frivolous or at best has been prematurely brought.[8]

 

We hold that the trial court=s abatement of this case for failure to give the required notice under
section 74.052 did not extend the time for appellant to serve her expert report
under section 74.351.  Appellant=s first issue is, therefore, overruled.  

In her second issue,
appellant argues that the trial court=s Order of Dismissal with Prejudice and Award of Attorney=s Fees to appellee was erroneous because the court had already granted
appellant=s motion to
dismiss with each party being assessed its own costs.  Again, we disagree.  








Although a plaintiff may
nonsuit her health care liability claim against a defendant without prejudice
after the expiration of the expert report deadline, the plaintiff must do so
before the defendant moves to dismiss pursuant to section 74.351(b) of the
Code.[9]  Here, on April 21, 2006, one week after the
expiration of appellant=s expert
report deadline, but one week before appellant  filed her nonsuit without prejudice, appellee
filed a motion to dismiss pursuant to section 74.351, seeking dismissal with
prejudice and the award of attorney=s fees and costs.  On May 1,
2006, the trial court signed a dismissal without prejudice, presumably relying
on appellant=s claim that
her nonsuit was Abeing filed
with the consent of Defendants.@  After a subsequent hearing on
appellee=s motion, however, the trial court dismissed the case with prejudice
and awarded the appellee attorney=s fees in the amount of $5,000.00. 
Because the appellee=s motion to dismiss and request for attorney=s fees was filed prior to appellant=s attempted nonsuit, we hold that the trial court=s final order of dismissal with prejudice was proper.[10]  Issue two is overruled.

The judgment of the trial
court is affirmed.

 

PER CURIAM

 

PANEL
A:  CAYCE, C.J.; LIVINGSTON and GARDNER,
JJ.

 

DELIVERED:  November 1, 2007                           

 

 











[1]See Tex. R. App. P. 47.4.





[2]These
nurses were never served with appellant=s lawsuit; thus, they are not
the subject of the instant appeal.





[3]Tex. Civ. Prac. & Rem. Code Ann. ' 74.052(a) (Vernon 2005) (ANotice of a health care claim
under Section 74.051 must be accompanied by a medical authorization in the form
specified by this section.  Failure to
provide this authorization along with the notice of health care claim shall
abate all further proceedings against the physician or health care provider
receiving the notice until 60 days following receipt by the physician or health
care provider of the required authorization.@).

 





[4]The
deadline for appellant to serve her expert report pursuant to section 74.351 of
the Texas Civil Practice and Remedies Code was April 13, 2006, which is the
120th day after appellant filed her health care liability claim.  See id. '
74.351 (Vernon Supp. 2006).





[5]Id. '
74.351(b) (AIf,
as to a defendant physician or health care provider, an expert report has not
been served within the period specified . . . the court, on the motion of the
affected physician or health care provider, shall . . . enter an order that:
(1) awards to the affected physician or health care provider reasonable
attorney=s
fees and costs . . . ; and (2) dismisses the claim with respect to the
physician or health care provider, with prejudice . . . .@).





[6]Id. '
74.051(a) (Vernon 2005).





[7]Estate
of Regis ex rel. McWashington v. Harris County Hosp. Dist., 208
S.W.3d 64, 69 (Tex. App.CHouston
[14th Dist.] 2006, no pet.); Hagedorn v. Tisdale, 73 S.W.3d 341, 347B49
(Tex. App.CAmarillo
2002, no pet.); see also Emeritus Corp. v. Highsmith, 211 S.W.3d 321,
328B29
(Tex. App.CSan
Antonio 2006, pet. denied) (holding that an agreement between plaintiff and
defendant to abate a health care liability claim under section 74.052 of the
Code did not extend plaintiff=s expert report deadline).





[8]Hagedorn, 73
S.W.3d at 348.





[9]Fox
v. Hinderliter, 222 S.W.3d 154, 156B59 (Tex.
App.CSan
Antonio 2006, no pet.) (holding that a nonsuit is ineffective against a pending
motion to dismiss pursuant to Tex. Civ.
Prac. & Rem. Code Ann. ' 74.351(b)); Martinez v.
Lakshmikanth, 1 S.W.3d 144, 148B49 (Tex. App.CCorpus
Christi 1999, pet. denied) (holding that to prevent plaintiff from nonsuiting
after the expert report deadline, defendant must file motion under art. 4590i, '
13.01(e), now Tex. Civ. Prac. & Rem.
Code Ann. '
74.351(b)).





[10]The
trial court maintained plenary power over this case as of the May 15, 2006
hearing on appellee=s
motion to dismiss.  See Tex. R. Civ. P. 329b(d).  Thus, it retained power to correct its prior
ruling based on the motion of appellant. 
See Fox, 222 S.W.3d at 158B59; Martinez,
1 S.W.3d at 148.