

NUMBERS 13-07-00411-CV and 13-07-00762-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

OUTPATIENT CENTER FOR INTERVENTIONAL
PAIN MANAGEMENT, P.A., INCORRECTLY
DESIGNATED AS SURGERY CENTER FOR
INTERVENTIONAL PAIN MANAGEMENT, P.A.,                          Appellant,

v.

ESTER GARZA,                                                  Appellee.

On appeal from the County Courts at Law No. 1 and No. 4
of Hidalgo County, Texas.

# MEMORANDUM OPINION

Before Justices Rodriguez, Garza, and Vela
Memorandum Opinion by Justice Rodriguez

Appellee, Ester Garza, filed two lawsuits against appellant, Outpatient Center for Interventional Pain Management, P.A., (Outpatient Center) incorrectly designated as Surgery Center for Interventional Pain Management, P.A., for damages she allegedly sustained when she fell from her wheelchair while at the facility. In this consolidated appeal, Outpatient Center, by a single issue in each appeal, complains that each trial court abused its discretion by denying Outpatient Center's motions to dismiss filed in the respective courts. We reverse and render in part and remand in part in each case.

## I. BACKGROUND

In her first lawsuit,[1] Garza alleged that Outpatient Center "by and through their actual and ostensible agents, employees, vice principals, and borrowed servants failed to use ordinary care in providing a safe environment free of premises defects for [Garza]. . . ." In her petition, Garza alleged that Outpatient Center breached its duty of care by, among other things, the following:

1) Fail[ing] to properly warn and train clinic personnel in the safe placement of patients, such as Plaintiff, in wheelchairs;

2) Fail[ing] to properly warn and train clinic personnel in the safe removal of patients from wheelchairs;

3) Fail[ing] to properly lock and secure the wheelchair Plaintiff was to be placed in before seating Plaintiff, who was an elderly individual, in the wheelchair;

4) Fail[ing] to use ordinary care in providing treatment and care for patients, such as Plaintiff;

5) Fail[ing] to properly supervise its employees and its premises; and

---

[1] Garza filed her first lawsuit, assigned trial court cause number CL-06-2676-A, on September 12, 2006, in County Court at Law Number 1 of Hidalgo County, Texas.

2

6)      Fail[ing] to properly monitor its employees.

Garza did not file an expert report in this lawsuit.

Outpatient Center filed a motion to dismiss under section 74.351(b) of the Texas Civil Practices and Remedies Code, asserting that Garza filed a health care liability claim but failed to serve it with an expert report within 120 days of filing her original petition.  *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(b) (Vernon Supp. 2007) (providing that when a health care liability claimant fails to serve the defendant health care provider with an expert report  120 days after the original petition was filed, upon defendant's motion, the trial court shall enter an order that:  (1) awards attorney's fees and court costs to the defendant and (2) dismisses the claim with prejudice).  In its motion, Outpatient Center specifically prayed that the trial court dismiss Garza's lawsuit with prejudice and award reasonable attorney's fees and costs of court "as sanctions prescribed by statute."  Garza responded by asserting that her claim was not a health care liability claim, but was, in fact, a premises liability claim, which did not require an expert report.

In a hearing on the motion to dismiss, the trial court stated:

It says, "accidental fall."  I can understand if somebody is walking and they trip on a defective sidewalk or a water spill or whatever so the first part of these facts I can understand where you are coming from and saying it is an accidental fall and it might be premises—and it says, "On the premises of the Surgery Center. . . . "

The trial court noted, however, that the facts also included the following:

[Garza] was injured during  a visit to the defendant's facility as a result of a fall proximately caused by the negligence of one and/or more of the employees of [Outpatient Center]; [s]aid employees negligently failed to properly assist her in being placed in a wheelchair.  As a result, Plaintiff Ester Garza fell to the hard floor landing on her knees. . . .

The trial court stated, "If an employee failed to assist her, that is an individual causing the injury, and that I think would fall under the medical statutory provisions requiring an expert report." The trial court then asked Garza, "And so which is it? Is it an accidental fall or is it a fall caused by an employee?" Garza informed the trial court that "given the opportunity to amend [her] petition," more details could be supplied making it "very clear to the [trial court] that it is a premises liability claim and a negligence claim and not one that is under the Health Care Liability Act." The trial court informed the parties that it would make its decision on March 23, 2007, but that, in the interim, Garza was to file her amended petition.

On March 22, 2007, Garza filed a notice of non-suit requesting that the trial court sign an order of non-suit without prejudice on all of her claims.[2] Outpatient Center responded with a letter to the trial court advising that its motion to dismiss and for attorney's fees survived Garza's notice of a non-suit. Nonetheless, the trial court entered an order of non-suit without prejudice on all of Garza's claims against Outpatient Center. Thereafter, Outpatient Center requested a ruling on its motion to dismiss and for attorney's fees. The trial court denied the motion to dismiss.

On June 19, 2007, Garza filed a second suit[3] against Outpatient Center. In this lawsuit, Garza claimed, among other things, that Outpatient Center was negligent under the "Texas Medical Liability Act" because, after Garza fell, (1) it did not "summon an ambulance immediately but placed her in a chair " and (2) it did not "instruct, supervise or

---

[2] The record does not contain an amended petition.

[3] Garza filed her second lawsuit, assigned trial court cause number CL-07-2079-D, in County Court at Law Number 4 of Hidalgo County, Texas.

4

train its employees to prevent falls when transferring patients to wheelchairs." On appeal, it is undisputed that Garza filed an expert report in this suit on October 18, 2007. Thereafter, Outpatient Center filed a motion to dismiss Garza's second suit, alleging Garza failed to timely serve an expert report. Following a hearing on the motion to dismiss, the trial court denied Outpatient Center's motion to dismiss.

## II. FIRST LAWSUIT

### A. Health Care Liability or Premises Liability Claim

In order to review the trial court's denial of Outpatient Center's motion in the first lawsuit, we must first determine whether Garza's claim was a health care liability or a premises liability claim. Outpatient Center contends that Garza alleged a health care liability claim in her original petition and attempted to recast it as a premises liability claim.

A health care liability claim is statutorily defined as:

> a cause of action against a health care provider or physician for treatment, lack of treatment, or other claimed departure from accepted standards of medical care, or health care, or safety or professional or administrative services directly related to health care, which proximately results in injury to or death of a claimant, whether the claimant's claims or cause of action sounds in tort or contract.

*Id.* § 74.001(a)(13) (Vernon 2005). To constitute a health care liability claim, the plaintiff's cause of action must be based on a claimed departure from an accepted standard of medical care, health care, or safety or professional administrative services directly related to healthcare. *See id.* "A cause of action alleges a departure from accepted standards of safety if the act or omission complained of is an inseparable part of the rendition of medical services." *Valley Baptist Med. Ctr. v. Azua,* 198 S.W.3d 810, 814 (Tex. App.–Corpus Christi 2006, no pet.). If the essence of the suit is a health care liability claim, a party

5

cannot avoid the requirements of section 74.351 through artful pleading. *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 851 (Tex. 2005). Therefore, in determining whether the claim is governed by section 74.351, we review the underlying nature of the claim and not the labels used by claimants. *Azua*, 198 S.W.3d at 814. Whether a claim is a health care liability claim pursuant to section 74.351 is a question of law and is reviewed de novo. *Gomez v. Matey*, 55 S.W.3d 732, 735 & n.2 (Tex. App.–Corpus Christi 2001, no pet.).

In her petition, Garza alleged that she was injured because of Outpatient Center's employees' "[f]ailure to properly lock and secure the wheelchair [Garza] was to be placed in before seating [Garza], who was an elderly individual, in the wheelchair." Garza further alleged that Outpatient Center was negligent in its "[f]ailure to properly warn and train clinic personnel in the safe removal of patients from wheelchairs" and its "[f]ailure to properly warn and train clinic personnel in the safe placement of patients, such as Plaintiff, in wheelchairs." Although Garza also stated in her petition that Outpatient Center "failed to use the ordinary care in providing a safe environment free of premises defects for [Garza]" and that Outpatient Center failed "to properly supervise its employees and its premises," Garza cannot avoid the requirements of section 74.351 through artful pleading. *See Diversicare*, 185 S.W.3d at 851. Garza asserts on appeal that it is not clear from the pleadings whether she was at Outpatient Center as a patient or just visiting a patient. However, as set out above, the petition states that Outpatient Center's "[f]ailure to properly warn and train clinic personnel in the safe placement *of patients, such as Plaintiff*, in

6

wheelchairs," caused her injuries. (Emphasis added.) This language clearly identifies Garza as a patient.

Garza also argues that Outpatient Center was required to provide evidence that the person who committed the act or omission was someone who is licensed in the healing arts. We disagree. A health care liability claim is statutorily defined as a cause of action against a health care provider. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.001(a)(13) (Vernon 2005). A health care provider is defined under section 74.001(a)(12)(A) as any person, partnership, professional association, corporation, facility, or institution duly licensed, certified, registered, or chartered by the State of Texas to provide health care, including a health care institution. *Id.* § 74.001 (a)(12)(A). Here, Garza filed suit against Outpatient Center, which is a health care institution. Furthermore, "[t]he term [health care provider] includes . . . an employee." *Id.* § 74.001 (a)(12)(B)(ii).

After examining the essence of the suit, we conclude that the allegations in Garza's lawsuit were inseparable from the rendition of medical services, and therefore, it was a health care liability claim. *See Azua*, 198 S.W.3d at 814 (concluding that an allegation that an employee of a health care provider was negligent in assisting the plaintiff into a wheelchair was an inseparable part of the rendition of medical services and that plaintiff's cause of action was clearly a health care liability claim); *see also Valley Baptist Med. Ctr. v. Stradley*, 210 S.W.3d 770, 775 (Tex. App.–Corpus Christi 2006, pet. denied) (holding that "a safety claim can be categorized as a health care liability claim only when it is against a health care provider or physician for a claimed departure from accepted standards of safety directly related to health care"); *cf. Pallares v. Magic Valley Elec. Coop.*

7

*Inc.*, No. 13-07-559-CV, 2008 Tex. App. LEXIS 3328, *16-17 (Tex. App. Corpus Christi May 8, 2008, pet. filed) (concluding that appellant's claims pertained to the fraudulent billing practices of the health care provided and were not based on any negligence or breach of the standard of care by the health care provider in the treatment of a patient). Therefore, section 74.351 applies. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (b).

## B. Motion to Dismiss

By its sole issue in appellate cause number 13-07-00411-CV, Outpatient Center contends that the trial court abused its discretion by denying its motion to dismiss Garza's case with prejudice and in failing to award attorney's fees and costs.[4] *See id.* We agree.

Under rule 74.351(b), if an expert report is not served within 120 days of the filing of a health care liability claim, on the motion of the affected health care provider, the trial court shall dismiss a health care liability claim with prejudice and award attorney's fees and costs. *Id.* A motion to dismiss and for attorney's fees and costs based on a plaintiff's failure to comply with the mandatory statutory requirements of section 74.351(b) constitutes a request for statutory sanctions. *Fox v. Hinderliter*, 222 S.W.3d 154, 158 (Tex. App.–San Antonio 2006, no pet.).

We review a trial court's ruling on a motion to dismiss a health care liability claim for an abuse of discretion. *Azua*, 198 S.W.3d at 815. A trial court abuses its discretion when it acts "'without reference to any guiding rules or principles', or stated another way, when the trial court acts in a arbitrary and unreasonable manner." *City of San Benito v. Rio*

---

[4] We note that Garza's appellate arguments related to her first lawsuit are premised on the asserted fact that she filed a premises liability claim. Because we have concluded that Garza's first lawsuit is a health liability claim, we do not reach these arguments as they are not dispositive of this appeal. *See* TEX. R. APP. P. 47.1.

*Grande Valley Gas Co.*, 109 S.W.3d 750, 757 (Tex. 2003) (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985)).

We have concluded that Garza's lawsuit was a health care liability claim. Outpatient Center's motion to dismiss sought the statutory sanctions of dismissal with prejudice, attorney's fees and costs under section 74.351(b). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351(a), (b); *see also* TEX. R. CIV. P. 162 (providing that a "[d]ismissal under this rule shall have no effect on any motion for sanctions, attorney's fees or other costs, pending at the time of dismissal"). It is undisputed that Garza failed to serve an expert report as required under section 74.351(a). Therefore, upon Outpatient's motion, the trial court had a statutory duty to enter an order dismissing the suit with prejudice and awarding reasonable attorney's fees and costs under section 74.351(b). *See id.* We conclude, therefore, that the trial court abused its discretion by denying Outpatient Center's motion to dismiss. We sustain Outpatient Center's sole issue in appellate cause number 13-07-00411-CV.

### III. SECOND LAWSUIT

By one issue, in appellate cause number 13-07-762-CV, Outpatient Center contends that the trial court abused its discretion by denying its motion to dismiss filed in Garza's second lawsuit and by failing to award attorney's fees and costs. First, Outpatient Center contends that because Garza's first lawsuit was a health care liability claim, her expert report was due within 120 days of the date she filed that lawsuit. Next, Outpatient Center asserts that even if the date of filing is calculated from the date Garza filed her second lawsuit, the expert report was not timely served.

9

It is undisputed on appeal that Garza's second lawsuit asserts a health care liability claim.  Also, in her petition filed in the second lawsuit, Garza alleged that she fell from a wheelchair because of Outpatient Center's negligence in failing to "instruct, supervise or train its employees to prevent falls *when transferring patients to wheelchairs*."  (Emphasis added.)  These facts also formed the basis of Garza's first lawsuit where she alleged that Outpatient Center was negligent by its "[f]ailure to properly warn and train clinic personnel *in the safe placement of patients*, such as Plaintiff, *in wheelchairs*" and by its "[f]ailure to properly warn and train clinic personnel *in the safe removal of patients from wheelchairs*." (Emphasis added.)

Having determined that Garza's first lawsuit against Outpatient Center was a health care liability claim, and because her second lawsuit asserts a health care liability claim involving the same set of facts and issues, Garza's expert report was due within 120 days of the date she filed the first lawsuit.  *See Mokkala v. Mead*, 178 S.W.3d 66, 76 (Tex. App.–Houston [14th Dist] 2005, pet denied) (providing that the 120-day deadline set forth in section 74.351(a) runs from the date the plaintiff first asserts a health care liability claim, even when the plaintiff has nonsuited the first claim).  Garza served her expert report on October 18, 2007, well past the 120 days allowed under section 74.351.  *See* TEX. PRAC. & REM. CODE ANN. § 74.351(a).  Furthermore, even assuming that the deadline for Garza to serve her expert report is measured from June 19, 2007, the date she filed the second lawsuit, Garza served the report on Outpatient Center on October 18, 2007—one day late.[5] The trial court abused its discretion in denying Outpatient Center's motion to dismiss on

---

[5] Excluding the date of filing, 120 days from the date Garza filed suit in the second lawsuit was October 17, 2007.

this basis and in failing to award attorney's fees and costs. Therefore, we sustain Outpatient Center's sole issue in appellate cause number13-07-762-CV.

## IV. CONCLUSION

We reverse the trial court's denial of Outpatient Center's motion to dismiss filed in trial court cause number CL-06-2676-A and render judgment dismissing with prejudice Garza's claim against appellant in that cause. *See id.* § 74.351(b)(2). We also reverse the trial court's denial of Outpatient Center's motion to dismiss filed in cause number CL-07-2079-D and render judgment dismissing with prejudice Garza's claim against appellant in that cause. *See id.* Furthermore, we remand each cause to the respective trial court for actions consistent with this opinion. *See id.* § 74.351(b)(1).


                                        NELDA V. RODRIGUEZ
                                        Justice

Memorandum Opinion delivered and
filed this the 26th day of June, 2008.

11