

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-14-00075-CV

**AAA FREE MOVE MINISTORAGE, L.L.C.**,
Appellant

v.

**LATIGO PROPERTIES, INC.** and The Brigham Living Trust,
Appellees

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-18988
Honorable Barbara Hanson Nellermoe, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Justice
                Patricia O. Alvarez, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  March 11, 2015

REVERSED AND RENDERED IN PART; REVERSED AND REMANDED IN PART

      AAA Free Move Ministorage, L.L.C. ("AAA") appeals the trial court's judgment dismissing its claims with prejudice against Latigo Properties and The Brigham Living Trust ("appellees"). AAA argues the trial court erred by dismissing its claims and awarding attorney's fees while the suit was abated. We reverse the trial court's judgment, and render judgment in part and remand in part for further proceedings.

## BACKGROUND

The case in the trial court was severed from one of several suits concerning a landlord-tenant dispute between AAA and OIS Investments, Inc., which is not a party to this appeal. AAA originally filed suit against OIS and appellees seeking relief under the Declaratory Judgment Act. Appellees filed an answer generally denying AAA's allegations and requesting attorney's fees. Five days later, on July 3, 2013, the trial court ordered the case abated "from any further activity for a period of six (6) months or until December 26, 2013." Appellees assert they were not served with the motion for abatement.

While the case was abated, appellees filed a Rule 91a motion to dismiss and set the motion for a hearing. AAA did not file a response or appear at the hearing. In AAA's absence, the trial court granted appellees' Rule 91a motion to dismiss and awarded attorney's fees to appellees. The afternoon after the hearing, AAA filed a notice of nonsuit of its claims against appellees. Appellees then filed three additional motions: a motion to modify the abatement order *nunc pro tunc* and retroactively lift the abatement; a motion to sever the claims against appellees; and a motion to enter final judgment. The trial court granted all three motions and rendered a final judgment. AAA appeals.

## ABATEMENT

AAA argues the trial court's order dismissing its claims while the case was abated is void, an abuse of discretion, and a violation of its due process rights. Appellees respond by asserting that AAA waived the issue, the trial court's retroactive lifting of the abatement as to appellees was effective and cured any error, and enforcing the abatement order against them would violate their due process rights.

A trial court commits reversible error by granting an opposing party's dispositive motion filed while the suit is abated because the motion is a legal nullity. *See Parker v. State Farm Mut.*

*Auto. Ins. Co.*, 83 S.W.3d 179, 182 (Tex. App.—San Antonio 2002, no pet.). Because appellees filed their Rule 91a motion to dismiss while the suit was abated, the Rule 91a motion was a legal nullity. *See id.*

We disagree with appellees' assertion that they were not bound by the abatement order because of the *nunc pro tunc* order retroactively lifting the abatement as to appellees and because they did not receive notice of the motion to abate. Although we have held a trial court retains discretion to modify an abatement order prospectively, *see In re Messervey Trust*, No. 04-00-00700-CV, 2001 WL 55642, at *1-4 (Tex. App.—San Antonio Jan. 24, 2001, no pet.), we find no authority supporting a trial court may retroactively lift an abatement to validate a legal nullity. Furthermore, appellees cite cases involving not an abatement order, but rather dismissal of an opposing party's claims without effective notice. The proposition that a trial court may not dismiss a party's claims without effective notice supports AAA's position. *See In re Gen. Motors Corp.*, 296 S.W.3d 813, 825 (Tex. App.—Austin 2009, no pet.) ("While a case is abated, certain action by the parties—such as propounding discovery requests or setting hearings—may be ineffective.").

Finally, appellees' assertion that AAA waived its complaint by not appearing at the hearing to object assumes the Rule 91a motion was properly before the trial court and the appellees' notice of the hearing was effective. AAA objected to the entry of the final judgment based on the trial court's previous error of granting a legally null Rule 91a motion. Thus, the issue was preserved, and the trial court erred by granting the Rule 91a motion while the suit was abated.

### NONSUIT

AAA filed its notice of nonsuit after the trial court granted the Rule 91a motion, but did so while the case remained abated. AAA contends this court should "disregard" the notice of nonsuit and "equity should allow [it] the option of being given a short window to either file a response or a subsequent nonsuit upon remand." However, a notice of nonsuit filed while a suit is abated is not

a legal nullity because a notice of nonsuit may be filed "[a]t any time before the plaintiff has introduced all of his evidence other than rebuttal evidence." *See* TEX. R. CIV. P. 162; *United Oil & Minerals, Inc. v. Costilla Energy, Inc.*, 1 S.W.3d 840, 846 (Tex. App.—Corpus Christi 1999, pet. dism'd). Thus, AAA's notice of nonsuit was effective when it was filed. *Fox v. Hinderliter*, 222 S.W.3d 154, 157 (Tex. App.—San Antonio 2006, pet. struck). AAA provides no argument as to why equity would support disregarding its nonsuit filed after the trial court granted appellees' Rule 91a motion and dismissed AAA's claims.

## DISPOSITION

We reverse the trial court's judgment awarding costs and attorney's fees to appellees and dismissing AAA's claims with prejudice. We render judgment dismissing AAA's claims without prejudice pursuant to its notice of nonsuit.

However, a nonsuit "does not prejudice the right of an adverse party to be heard on a pending claim for affirmative relief," including a request for attorney's fees and costs. TEX. R. CIV. P. 162. In response to AAA's suit for declaratory judgment, appellees pled for affirmative relief of "recover[ing] their reasonable and necessary attorney's fees and all other costs." That claim remained pending after AAA's nonsuit. *See Falls County v. Perkins & Cullum*, 798 S.W.2d 868, 869-71 (Tex. App.—Fort Worth 1990, no writ) (holding that following a nonsuit, "a request for attorney's fees made in a Declaratory Judgments Act case is a claim for affirmative relief authorizing a party to be heard under the provisions of rule 162"). Therefore, we remand the case to the trial court to address appellees' request for attorney's fees and costs.

Luz Elena D. Chapa, Justice